Charles G. SUMMERS

v.

STATE of Tennessee.

Supreme Court of Tennessee,
at Nashville.

Oct. 5, 2006 Session.

Jan. 23, 2007.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Amy L. Tarkington, Deputy Attorney General; Richard H. Dunavant and Renee W. Turner, Assistant Attorneys General, for Appellant, State of Tennessee.

Douglas Thompson Bates, III, Centerville, Tennessee, for Appellee, Charles G. Summers.

## OPINION

JANICE M. HOLDER, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and CORNELIA A. CLARK and GARY R. WADE, JJ., and ADOLPHO A. BIRCH, JR., Sp.J., joined.

The petitioner, Charles G. Summers, filed a habeas corpus petition challenging the legality of his concurrent sentence for misdemeanor escape. The trial court summarily dismissed the petition. The Court of Criminal Appeals reversed, concluding that Summers should be afforded the benefit of counsel and an opportunity to prove his allegations to the trial court under *McLaney v. Bell*, 59 S.W.3d 90 (Tenn. 2001). We granted the State's application for permission to appeal. For the reasons stated herein, we overrule *McLaney* to the extent that it can be interpreted to require the appointment of counsel and a hearing whenever a pro se habeas corpus petition alleges that an agreed sentence is illegal based on facts not apparent from the face of the judgment. We hold that summary dismissal may be proper when, as in this case, the petitioner fails to attach to the habeas corpus petition pertinent documents from the record of the underlying proceedings to support his factual assertions. Accordingly, we reverse the judgment of the Court of Criminal Appeals and reinstate the trial court's judgment dismissing the petition for writ of habeas corpus.

## BACKGROUND

The petitioner, Charles G. Summers, was charged in the Giles County Circuit

Court with first degree murder, aggravated arson, sale of cocaine, and felony escape. On October 25, 1991, judgments were entered on all four charges. On the first degree murder charge, Summers pleaded nolo contendere to the amended charge of voluntary manslaughter and received a six-year sentence. Summers pleaded guilty to the charges of aggravated arson and the sale of cocaine, and the trial court imposed sentences of twenty-three years and eleven years, respectively. Finally, Summers pleaded guilty to the amended charge of misdemeanor escape, for which he received a sentence of eleven months and twenty-nine days. The three felony sentences were ordered to run consecutively to each other for an effective sentence of forty years. The misdemeanor escape sentence was ordered to run concurrently with the felony sentences.

Almost thirteen years later, on September 24, 2004, Summers filed a pro se habeas corpus petition in the Hickman County Circuit Court, alleging that he was being held for the other charges when he escaped and that the trial court therefore lacked jurisdiction to order the escape sentence to be served concurrently with the other sentences. Summers attached all four Giles County judgments to his habeas corpus petition, but he did not include any part of the record of the proceedings upon which the judgments were rendered. No offense date is indicated on any of the four judgments. The trial court dismissed Summers' habeas corpus petition without appointing counsel or holding a hearing.

The Court of Criminal Appeals reversed the summary dismissal and remanded the case to the Hickman County Circuit Court for the appointment of counsel if Summers was indigent and for a determination of whether Summers was being held for the other charges when he escaped. We granted review and appointed counsel to represent Summers for purposes of this appeal.

**ANALYSIS**

The determination of whether habeas corpus relief should be granted is a question of law. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn.2000). Therefore, our review is de novo with no presumption of correctness given to the findings and conclusions of the lower courts. *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn.2006).

The right to seek habeas corpus relief is guaranteed by article I, section 15 of the Tennessee Constitution, which states that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Habeas corpus procedure in Tennessee has been regulated by statute since 1858. *State v. Ritchie*, 20 S.W.3d 624, 629 (Tenn.2000).

Although no statute of limitations exists for filing a habeas corpus petition, the grounds upon which habeas corpus relief will be granted are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Habeas corpus relief is available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336–37 (Tenn.1868)). Thus, the writ of habeas corpus will issue only in the case of a void judgment or to free a prisoner after his term of imprisonment or other restraint has expired. *Potts v. State*, 833 S.W.2d 60, 62 (Tenn.1992). Unlike a post-conviction petition, a habeas corpus petition is used to challenge void and not

merely voidable judgments. *Id.* A voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity. *Dykes v. Compton,* 978 S.W.2d 528, 529 (Tenn.1998). A void judgment is one that is facially invalid because the court did not have the statutory authority to render such judgment. *Id.*

Summers contends that his concurrent sentence for misdemeanor escape was imposed in direct contravention of Tennessee Code Annotated section 39–16–605(c) and Tennessee Rule of Criminal Procedure 32(c)(3)(B). The provisions of Tennessee Rule of Criminal Procedure 32(c)(3) incorporate various statutory provisions mandating consecutive sentencing. *See Hogan v. Mills,* 168 S.W.3d 753, 756 (Tenn.2005). Rule 32(c)(3) provides:

> When a defendant is convicted of multiple offenses from one trial or when the defendant has additional sentences not yet fully served as the result of convictions in the same or other courts and the law requires consecutive sentences, *the sentence shall be consecutive whether the judgment explicitly so orders or not.* This rule shall apply:
>
> (A) to a sentence for a felony committed while on parole for a felony;
>
> (B) *to a sentence for escape or for a felony committed while on escape;*
>
> (C) to a sentence for a felony committed while the defendant was released on bail and the defendant is convicted of both offenses; and
>
> (D) for any other ground provided by law.

1. No significant changes have occurred in the language of the rule since 1991 when the judgments were entered.

2. The statute is the same as in 1991 when the judgments were entered.

Tenn. R.Crim. P. 32(c)(3) (emphasis added).[1] Subpart (B) tracks Tennessee Code Annotated section 39–16–605(c), which provides: "Any sentence received for [escape] shall be ordered to be served consecutively to the sentence being served or sentence received for the charge for which the person was being held at the time of the escape." Tenn.Code Ann. § 39–16–605(c) (2006).[2] Both section 39–16–605(c) and Rule 32(c)(3)(B) require consecutive sentencing for an escape conviction.

██ Summers asserts that the concurrent sentence for escape is illegal and that his judgment is therefore void. A sentence imposed in direct contravention of a statute is void and illegal. *Stephenson v. Carlton,* 28 S.W.3d 910, 911 (Tenn.2000). A trial court may correct an illegal or void sentence at any time. *Moody v. State,* 160 S.W.3d 512, 516 (Tenn.2005). A habeas corpus petition, rather than a motion to correct an illegal sentence, is the proper procedure for challenging an illegal sentence. *Id.*[3]

Summers relies upon *McLaney v. Bell,* 59 S.W.3d 90 (Tenn.2001), and argues that the void judgment invalidates his plea agreement. *McLaney* involved provisions mandating consecutive sentencing when a defendant commits a felony while released on bail. 59 S.W.3d at 92. McLaney pleaded guilty to aggravated rape, rape, and third degree burglary and received concurrent sentences as part of a plea agreement. Eleven years later, McLaney filed a pro se habeas corpus petition, alleging that he had been charged with rape and released on bail when he committed the subsequent rape and burglary. He assert-

3. A void or illegal sentence also may be challenged collaterally in a post-conviction proceeding when the statutory requirements are met, including the one-year limitations period. *See State v. Mahler,* 735 S.W.2d 226, 228 (Tenn.1987); Tenn.Code Ann. § 40–30–102(a) (2006).

ed that the judgments imposing concurrent sentences were void as they directly contravened Tennessee Code Annotated section 40–20–111(b)[4] and Tennessee Rule of Criminal Procedure 32(c)(3)(C). The trial court summarily dismissed the petition, and the Court of Criminal Appeals affirmed. This Court reversed the summary dismissal, stating:

> Had McLaney been represented by counsel, we would find no error in this dismissal. Had an attorney been appointed, if the record of the underlying proceedings clearly showed that the latter rape and burglary offenses were committed while McLaney was on bail, appointed counsel presumably would have brought those records to the attention of the court, and a determination whether the judgment was void could have been resolved on the merits.

*Id.* at 94. This Court further held that if McLaney's allegations were proven in the record of the underlying convictions, then the concurrent sentences were void and McLaney's plea could be withdrawn. *Id.* at 94–95. This Court therefore remanded the case for appointment of counsel and a determination as to whether the "evidence of record," i.e., the record of the underlying proceedings, indicated that McLaney was on bail when he committed the offenses at issue. *Id.* at 95.

The State counters that any illegality is now moot because the escape sentence was served and expired and that the remaining judgments are voidable, not void. The State asks this Court to revisit *McLaney* and its holding that an illegal sentence in a plea agreement renders the judgment, including the conviction, void and entitles a petitioner to habeas corpus relief.

We first address the State's argument that any illegality in the escape sentence is now moot. To obtain habeas corpus relief, a petitioner must be "imprisoned or restrained of liberty." Tenn.Code Ann. § 29–21–101 (2000). "Imprisoned" refers to actual physical confinement or detention. *Hickman,* 153 S.W.3d at 22. "Restrained of liberty" is a broader term and encompasses situations beyond actual physical custody. *Id.* However, a petitioner is not restrained of liberty unless the challenged judgment itself imposes a restraint on the petitioner's freedom of action or movement. *Id.* at 23. Habeas corpus relief does not lie to address a conviction after the sentence on the conviction has been fully served. *Id.* at 23–24. In *Hickman,* this Court held that Hickman was no longer imprisoned or restrained of liberty on the ten-day sentence he had received sixteen years earlier. *Id.* at 24.

The State contends that, like Hickman, Summers is no longer imprisoned or restrained of liberty by the escape judgment because the sentence of eleven months and twenty-days was served or expired many years prior to his filing the habeas corpus petition. We would agree with the State's argument if all of the sentences imposed for the challenged convictions were served and expired before Summers filed his habeas corpus petition. *See Benson v. State,* 153 S.W.3d 27, 32 (Tenn.2004). In *Benson,* Benson pleaded guilty to several offenses in 1993. All of the 1993 convictions were ordered to be served concurrently for an effective sentence of eight years. In 2002, Benson filed a habeas corpus petition, alleging that three of these offenses were committed while he was released on bail. Pointing to Tennessee Code Annotated

---

**4.** Section 40–20–111(b) provides: "In any case in which a defendant commits a felony while the defendant was released on bail ... and the defendant is convicted of both offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that the sentences be served cumulatively."

section 40–20–111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C), Benson claimed that the trial court was required to impose consecutive sentences. Because the concurrent sentences were illegally imposed, Benson argued that the judgments were void and he should be allowed to withdraw his guilty pleas.[5] This Court held that Benson was not presently "imprisoned or restrained of liberty" by any of the 1993 convictions because the sentences complained of were served and expired before Benson filed a habeas corpus petition to challenge them. *Benson*, 153 S.W.3d at 32.

In contrast, Summers' effective forty-year sentence has not been served and has not expired. The Department of Correction could attempt to require Summers to serve his sentence for escape at the expiration of his other sentences. *See State v. Burkhart*, 566 S.W.2d 871, 872 (Tenn. 1978). Nothing in the record eliminates that possibility. We therefore decline to view any illegality in the escape sentence as moot.

■■■■ The State further argues that Summers has failed to establish grounds for habeas corpus relief on his three felony convictions. Summers has alleged that he would not have pleaded guilty had he known that the trial court lacked jurisdiction to order the escape sentence to run concurrently with the sentences for his three felony convictions. According to the State, to establish this claim Summers would have to testify as to his knowledge and understanding of the plea agreement. When a petitioner must offer proof beyond the record to establish the invalidity of a conviction, the judgment is merely voida-

ble and not void. *Ritchie*, 20 S.W.3d at 630–31.

■■■■ To the extent the State is arguing that *McLaney* expanded the scope of habeas corpus relief by sanctioning the withdrawal of a guilty plea when an agreed sentence is illegally lenient, the State's argument lacks merit. *McLaney* was not the first decision of this Court to hold that a petitioner is entitled to withdraw a guilty plea that includes an illegal concurrent sentence. *See Burkhart*, 566 S.W.2d at 873; *Henderson v. State ex rel. Lance*, 220 Tenn. 520, 419 S.W.2d 176, 179 (1967); *see also Archer*, 851 S.W.2d at 163 (discussing with approval the holding in *Henderson*).[6] A court lacks jurisdiction to impose an agreed sentence that is illegal, even an illegally lenient one. *See McConnell v. State*, 12 S.W.3d 795, 799 (Tenn.2000). When a plea agreement constitutes a package deal, an illegal sentence imposed on one of the plea offenses generally invalidates the entire plea agreement. Thus, as a general rule, when a plea agreement includes an illegal sentence, a defendant is entitled to withdraw the guilty plea. *McLaney*, 59 S.W.3d at 94–95.

■■■■ This general rule is not without exceptions, however. Withdrawal of the plea may be unnecessary when the parties can agree to a legal sentence in place of the illegal promised one. *See McConnell*, 12 S.W.3d at 800. Another exception to the general rule is illustrated by our recent decision in *Smith v. Lewis*, 202 S.W.3d 124 (Tenn.2006). In that case, Smith filed a habeas corpus petition alleging that the judgment entered against him for rape of a child was void because it imposed an illegal sentence. This Court

---

5. Benson ultimately sought resentencing on vehicular homicide convictions in which the sentences had been enhanced by use of these prior convictions.

6. *Archer* disapproved of *Henderson* to the extent that *Henderson* can be read as holding that habeas corpus is a proper avenue for attacking involuntary guilty pleas. *Archer*, 851 S.W.2d at 162–63.

agreed with Smith that the sentence providing for early release eligibility was illegal. *Smith*, 202 S.W.3d at 128. This Court concluded, however, that Smith's conviction remained intact because the record of the underlying proceedings did not demonstrate on its face that the illegal provision of early release eligibility was a bargained-for element of Smith's plea. *Id.* at 130. This Court therefore granted habeas relief to the extent of vacating the illegal sentence but not to the extent of vacating the underlying conviction. *Id.* This Court remanded for entry of a corrected judgment setting forth the legal sentence. *Id.* While denying Smith the remedy of withdrawal of his guilty plea under the unique facts of the case, this Court reaffirmed our prior decisions holding that a habeas corpus petitioner is entitled to withdraw his guilty plea when the bargained-for sentence is illegal. *Id.* at 129–30.

 The State misconstrues the nature of habeas relief under these circumstances. In *McLaney*, as in this case, the petitioner stated his claim in terms of voluntariness of the plea. Voluntariness of the plea, however, has no relevance in a habeas corpus proceeding. *See Archer*, 851 S.W.2d at 164. Instead, the determinative issue is whether the plea agreement included an illegal sentence as a material element. If so, the illegal sentence renders the guilty plea, including the conviction, invalid. *See McConnell*, 12 S.W.3d at 800 n. 9 (noting that this Court's decision was consistent with decisions of other jurisdictions that have considered the issue). When this issue is raised in a habeas corpus proceeding, a court is limited to considering the face of the judgment and the record of the proceedings upon which the judgment was rendered. *See Smith*, 202 S.W.3d at 128.

Although we decline the State's invitation to modify the holding in *McLaney* with respect to the scope of the remedy when habeas corpus relief is granted, we take this opportunity to clarify *McLaney* with respect to the procedural requirements for seeking such relief. *McLaney* has been read to dictate that whenever a pro se petitioner fails to attach to his habeas corpus petition pertinent documents from the record of the underlying proceedings, he must be afforded the opportunity, with the assistance of counsel, to cure any deficiency in his filings.[7] This reading of *McLaney* is inconsistent with applicable statutes and prior decisions permitting summary dismissal, without the appointment of counsel, unless the alleged illegality is apparent from the pro se petition and the documents attached thereto.

 The procedures governing habeas corpus petitions are codified in Tennessee Code Annotated sections 29–21–101 through 29–21–130. These procedural requirements "are mandatory and must be followed scrupulously." *Archer*, 851 S.W.2d at 165 (citing *Bateman v. Smith*, 183 Tenn. 541, 194 S.W.2d 336, 337 (1946)). The pleading requirements for filing a petition for writ of habeas corpus are set forth in Tennessee Code Annotated section 29–21–107. Section 29–21–107(a) provides that the petition for writ of habeas corpus must be signed and verified by affidavit. The statute further requires that the petition state:

---

7. *See, e.g., Dotson v. State*, No. M2005–00436–CCA–R3–HC, 2006 WL 264269, at *3 (Tenn. Crim.App. Jan.31, 2006); *Pritchard v. State*, No. M2005–00594–CCA–R3–HC, 2005 WL 3487842, at *4 (Tenn.Crim.App. Dec.16, 2005); *Eidson v. State*, No. M2005–00150–CCA–R3–HC, 2005 WL 1353310, at *4 (Tenn. Crim.App. June 8, 2005); *Goods v. Parker, Warden*, No. W2003–02914–CCA–R3–HC, 2004 WL 2309901, at *3 (Tenn.Crim.App. Oct.13, 2004).

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

Tenn.Code Ann. § 29–21–107(b) (2000). A trial court properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements. *See Hickman,* 153 S.W.3d at 21; *State ex rel. Goss v. Heer,* 220 Tenn. 36, 413 S.W.2d 688, 693 (1967); *State ex rel. Allen v. Johnson,* 217 Tenn. 28, 394 S.W.2d 652, 653 (1965).

The habeas corpus statutes place the burden of proving entitlement to relief upon the petitioner. Tennessee Code Annotated section 29–21–109 provides in pertinent part: "If, *from the showing of the petitioner,* the plaintiff would not be entitled to any relief, the writ [of habeas corpus] may be refused...." (Emphasis added). Citing this statutory provision, this Court has held that the trial court was "entirely correct in dismissing the petition for writ of habeas corpus without a hearing" when the petitioner failed to include any part of the record in the case in which

he was convicted. *State ex rel. Byrd v. Bomar,* 214 Tenn. 476, 381 S.W.2d 280, 283 (1964). Noting that "the burden of showing the invalidity of the judgment is cast upon the petitioner" and "there is a conclusive presumption that it is valid in all respects," this Court also has held that "such matters [complained of in the habeas corpus petition] are foreclosed by that judgment, in the absence of anything upon the face of the record to impeach the judgment." *State ex rel. Kuntz v. Bomar,* 214 Tenn. 500, 381 S.W.2d 290, 291–92 (1964). More recently, again citing Tennessee Code Annotated section 29–21–109, we have reiterated that when a habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing. *Hogan,* 168 S.W.3d at 755; *Hickman,* 153 S.W.3d at 20; *Dixon v. Holland,* 70 S.W.3d 33, 36 (Tenn.2002).

There is no federal or state constitutional right to counsel in a habeas corpus proceeding. *Coleman v. Thompson,* 501 U.S. 722, 755, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *State ex rel. Hall v. Meadows,* 215 Tenn. 668, 389 S.W.2d 256, 260 (1965). Appointment of counsel in a state habeas corpus proceeding is within the trial court's discretion. *See* Tenn.Code Ann. § 40–14–204 (2006). Tennessee Code Annotated section 40–14–204 states that in habeas corpus proceedings the trial court "shall determine the question of indigency and appoint counsel, *if necessary,* in the manner set out in this part." (Emphasis added). Rule 13 of the Rules of the Tennessee Supreme Court also provides that an indigent petitioner in a habeas corpus proceeding may have appointed counsel. Tenn. Sup.Ct. R. 13, § 1(d)(1)(C). Citing Rule 13, this Court stated in *McLaney* that McLaney "clearly had a right to appointed counsel if the trial court found him to be indigent." 59 S.W.3d at 94. We

clarify, however, that Rule 13 does not create rights; it merely contains the procedural mechanism for implementing them. *See Owens v. State,* 908 S.W.2d 923, 928 n. 10 (Tenn.1995); *Allen v. McWilliams,* 715 S.W.2d 28, 29 (Tenn. 1986). Therefore, an indigent petitioner does not have a right to appointed counsel in a habeas corpus action except to the extent that appointment of counsel is found to be "necessary" within the meaning of Tennessee Code Annotated section 40–14–204.

■ This Court has not previously construed Tennessee Code Annotated section 40–14–204. We conclude that appointment of counsel is not necessary within the meaning of section 40–14–204 merely because a petition states a cognizable claim for habeas corpus relief. We decline to incorporate the liberal procedural safeguards of the Post–Conviction Procedure Act into the provisions governing habeas corpus.[8] *See* Tenn.Code Ann. §§ 40–30–101 to –313 (2006). The two procedures are separate and distinct. As previously explained, the habeas corpus statutes are for the purpose of challenging a void judgment. *Potts,* 833 S.W.2d at 62. In contrast, a post-conviction petition may challenge a conviction or sentence that is alleged to be void or voidable because of the abridgement of constitutional rights. Tenn.Code Ann. § 40–30–103 (2006). The habeas corpus procedures are mandatory and strictly applied. *Archer,* 851 S.W.2d at 165. In the case of a pro se petitioner who states a colorable claim, the post-conviction provisions are replete with procedural safeguards, including the opportunity to amend a deficient petition and the appointment of counsel if the petitioner is indigent. *See* Tenn.Code Ann. §§ 40–30–106 & –107 (2006); Tenn. R. Sup.Ct. 28, § 6(B). Proof in a habeas corpus action is limited to the face of the judgment and the record of the underlying convictions. *Archer,* 851 S.W.2d at 164. At a post-conviction evidentiary hearing, proof outside of the record may be introduced. *See* Tenn.Code Ann. § 40–30–110 (2006). We have rejected and will continue to reject efforts to intertwine the two procedures. *See Potts,* 833 S.W.2d at 62 (noting that the "two avenues of collateral attack are theoretically and statutorily distinct").

■ A trial court is vested with the discretion to determine whether appointment of counsel is necessary within the meaning of Tennessee Code Annotated section 40–14–204. The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed. In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions. When such documents from the record of the underlying proceedings are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel and without a hearing. Any broader interpretation of when the appointment of counsel is necessary would be inconsistent with the narrow scope of habeas corpus relief and the strict technical requirements for seeking such relief.

Our recent decision in *Hogan v. Mills,* 168 S.W.3d 753 (Tenn.2005), further supports the conclusion that *McLaney* should not be interpreted as requiring the appointment of counsel and a hearing in every case in which a pro se petitioner alleges that an agreed sentence is illegal based

8. Recognizing the narrow scope of habeas corpus relief, the General Assembly enacted the first post-conviction provisions in 1967. *Hickman,* 153 S.W.3d at 20.

on facts not apparent from the face of the judgment. Hogan filed a pro se habeas corpus petition challenging the legality of concurrent sentences for his 1985 convictions. Hogan attached to his petition various documents supporting his assertion that he was on parole for his 1981 conviction when he committed the offenses resulting in his 1985 convictions. The trial court summarily dismissed Hogan's petition. Relying on *McLaney*, the Court of Criminal Appeals reversed the summary dismissal and remanded the case to determine whether the records of Hogan's 1985 convictions contained satisfactory proof that Hogan was on parole when he committed those offenses. This Court reversed the Court of Criminal Appeals and reinstated the trial court's judgment summarily dismissing the petition. This Court distinguished *McLaney*, stating:

[T]he judgments for Hogan's 1985 convictions are silent as to whether the sentences are to be served concurrently or consecutively to his prior sentence. Moreover, the judgments themselves do not refer to Hogan's prior conviction or his parole status. The record before this Court does not indicate that the trial court was even aware of Hogan's parole status in sentencing him for the 1985 convictions. Hogan has failed to establish that the trial court imposed sentences concurrent with Hogan's prior felony sentence in contravention of Rule 32(c)(3)(A). Accordingly, because no illegality of the sentence is evident on the face of the judgments for Hogan's 1985 convictions, the judgments are at most voidable and not void.

*Hogan*, 168 S.W.3d at 757 (footnote omitted).

▬ Although the judgment on Summers' escape conviction states that the sentence is to be served concurrently with his sentences for voluntary manslaughter, aggravated arson, and sale of cocaine, the judgment is silent as to whether Summers committed the escape while being held for the other charges. We conclude, therefore, that no illegality of the sentence is evident on the face of the judgment ordering a concurrent sentence for the escape conviction. Furthermore, nothing in the record indicates that Summers committed the escape while being held for the other charges. The State bears no burden of showing that the record of the proceedings upon which the judgment was rendered reveals that Summers' factual assertions are false. The burden rests with Summers to prove that his allegations are true. Because the escape judgment is facially valid and Summers failed to support his factual assertions with pertinent documents from the record of the underlying proceedings, we conclude that summary dismissal was proper.

## CONCLUSION

We hold that the face of the judgment does not establish that the concurrent sentence for misdemeanor escape is void and illegal. We further hold that the trial court's summary dismissal of the habeas corpus petition was proper in light of Summers' failure to attach to the habeas corpus petition pertinent documents from the record of the underlying proceedings to support the illegal sentence claim. To the extent that *McLaney* could be interpreted to hold otherwise, it is hereby overruled. Accordingly, we reverse the judgment of the Court of Criminal Appeals and reinstate the trial court's judgment dismissing the habeas corpus petition.

It appearing that the petitioner, Charles G. Summers, is indigent, costs of this appeal are taxed to the State of Tennessee.