IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 28, 2011

# BILLY LEE SIMMONS v. DAVID A. SEXTON, WARDEN

**Appeal from the Circuit Court for Johnson County**
**No. 5720     Robert Cupp**

**No. E2011-00699-CCA-R3-HC - Filed December 13, 2011**

The Petitioner, Billy Lee Simmons, appeals the summary dismissal of his pro se petition for
writ of habeas corpus, wherein he seeks relief for his eight-year sentence for possession of
.5 grams or more of cocaine with the intent to sell and within 1,000 feet of a school.  The
crux of the Petitioner's argument is that his Class A felony sentence is illegal because it was
enhanced pursuant to the Drug-Free School Zone Act.  We agree that the Petitioner's
sentence is illegal, albeit for a different reason—his sentence for a Class A felony not being
authorized by law—and that the habeas corpus court erred in summarily dismissing the
petition. We remand to the Johnson County Circuit Court for the appointment of counsel and
a hearing to determine the proper remedy.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and
CAMILLE R. MCMULLEN, JJ., joined.

Billy Lee Simmons, Mountain City, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant
Attorney General; Anthony Wade Clark, District Attorney General, for the appellee, State
of Tennessee.

## OPINION
### FACTUAL BACKGROUND

On July 27, 2010, the Petitioner filed a pro se petition for writ of habeas corpus
seeking relief from his eight-year sentence for possession of .5 grams or more of cocaine
with the intent to sell and within 1,000 feet of a school, a Class A felony.  See Tenn. Code
Ann. §§ 39-17-417(a) & (c), -432(b).  The Petitioner notes that this conviction was part of

a plea agreement involving two separate indictments: S52,211 (13 counts) and S52,691 (4 counts). The challenged drug conviction results from Count 1 of indictment S52,691. Under the terms of the agreement, the trial court imposed an eight-year sentence for the possession in a school zone conviction, which sentence was to be served concurrently with the remaining three counts of indictment S52,691. The resulting eight-year sentence was to be served consecutively to the effective ten-year sentence imposed for the nine convictions under indictment S52,621. The Petitioner entered his plea on October 29, 2007.

The Petitioner attached a total of nine judgment forms from both indictments, reflecting the challenged conviction of possession of .5 grams or more of cocaine with the intent to sell and within 1,000 feet of a school zone, and the additional convictions of: possession of .5 grams or more of cocaine with the intent to sell or deliver; possession of a Schedule III controlled substance with the intent to sell or deliver; two counts of maintaining a dwelling where controlled substances are used or sold; and four counts of sale of a substance containing cocaine. The record does not contain a transcript of the guilty plea hearing or a factual basis underlying the Petitioner's pleas, and it does not appear that the Petitioner pursued either a direct appeal of his sentence or sought post-conviction relief.

While the habeas corpus petition is somewhat rambling, we discern three basic allegations of the Petitioner challenging his possession in a school zone conviction: (1) the trial court lacked jurisdiction or authority to apply the Drug-Free School Zone Act "as an enhancement factor"; (2) he did not agree "to serve his sentence at 100%"; and (3) the trial court failed to apply the doctrine of merger when "each of his offenses arose from a single criminal episode[.]" He prayed for relief from his illegal sentence, asking the court to reduce his sentence "to the minimum of 8-years punishment at Range I, 30%."

The State filed a motion to dismiss the petition, arguing that, "[g]iven that the trial court correctly sentenced [the Petitioner] for a Class A felony, as required by Tenn. Code Ann. § 39-17-432, he did not receive an illegal sentence. Moreover, the [P]etitioner must serve the minimum sentence within the range at 100% as required by . . . Tenn. Code Ann. § 39-17-432(c)." The State elaborated further that the Petitioner's claim "amounts to a sufficiency challenge to his conviction[]—the issue being whether he committed the offense within 1,000 feet of a school," that "sufficiency challenges are not cognizable in habeas cases," and that the Petitioner "waived any sufficiency claims when he [pled] guilty." The State submitted an order of summary dismissal for the habeas corpus court's consideration.

Utilizing the order prepared by the State, the habeas corpus court summarily dismissed the petition by written order dated December 20, 2010. In the order, the habeas corpus court reasoned as follows:

Given that the [P]etitioner was convicted of possession of .5 grams or more of a controlled substance under Tenn. Code Ann. § 39-17-417(a)(4), and having committed that offense within 1,000 feet of a school, thereby violating Tenn. Code Ann. § 39-17-432, the trial court correctly convicted him of committing a Class A felony and legally sentenced him as mandated by Tenn. Code Ann. § 39-17-432.

Further, the merits of his claim are ultimately a challenge to the sufficiency of the evidence supporting his conviction of committing the offense within 1,000 feet of a school, and such challenges are not cognizable in habeas cases. Moreover, he waived any sufficiency challenge when he pleaded guilty.

The summary dismissal order was filed on December 28, 2010.

The criminal court clerk signed a certificate of service attached to the order, stating that the clerk forwarded the order to the parties on February 4, 2011. The Petitioner then mailed a notice of appeal on February 10, 2011, which was filed on March 4, 2011.

## ANALYSIS

Initially, the State asks this court to dismiss the appeal due to the Petitioner's failure to file a timely notice of appeal. The State correctly notes that the notice of appeal was not filed until March 4, 2011, more than 30 days from the date of the entry of the final order on December 28, 2010. Even considering the date upon which the Petitioner placed the notice of appeal document in the mail for filing (February 10, 2011), see Tennessee Rule of Appellate Procedure 20(g), the notice was still untimely. The State argues that the Petitioner failed to seek a waiver of the timely filing and that the interest of justice does not require this court to waive the timely filing requirement. See Tenn. R. App. P. 4(a). However, a review of this court's record reflects that we have previously determined that the Petitioner's appeal should proceed.

On April 5, 2011, this court directed the Petitioner to show cause why this appeal should not be dismissed as untimely filed. In response, the Petitioner filed a motion seeking leave to pursue this appeal belatedly on grounds that he was not served with the summary dismissal order until February 4, 2011. The Petitioner's attachments to the motion supported his assertion that he did not receive the order until February 7, 2011. Because the Petitioner submitted the notice of appeal within 30 days from the date it was mailed to him by the trial court clerk, this court granted the Petitioner's request to accept a late-filed notice of appeal,

ruling that the interest of justice required us to do so.[1] In accordance with this previous determination, this appeal will proceed.

On appeal, the Petitioner frames his issue as follows: "whether the lower court erred in denying [the Petitioner] post-conviction review redressing an issue of illegal sentencing and in violation of a legislative act." Specifically, the Petitioner makes the following challenges to his judgment and sentence: (1) application of the Drug-Free School Zone Act was used "as a tool 'for' increasing his punishment beyond what is intended by legislation"; (2) he cites to State v. Fields, 40 S.W.3d 435 (Tenn. 2001), in support of his premise that "the mere existence of the [D]rug-[F]ree [S]chool [Z]one [A]ct, 'without more' cannot elevate the nature of the offense to one requiring incarceration"; and (3) he was advised by trial counsel that, despite the length of sentence, "his punishment would be 'probatable[.]'"[2]

The determination of whether to grant habeas corpus relief is a question of law and our review is de novo. Summers v. State, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). In this state, habeas corpus relief only addresses detentions that result from void judgments or expired sentences. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Hickman v. State, 153 S.W.3d 15, 20 (Tenn. 2004) (quoting State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83. A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005). Moreover, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

---

[1] For the third time over the span of several months, we again find ourselves addressing the timeliness of the notice of appeal document when the issue has already been disposed of by pre-brief pleadings in this court. See also State v. George Eugene Cody, No. M2010-02121-CCA-R3-CD, 2011 WL 4449672, at *8 n.2 (Tenn. Crim. App. Sept. 27, 2011); State v. Carl J. Wagner, M2010-00992-CCA-R3-CD, 2011 WL 2893098, at *3 (Tenn. Crim. App. July 20, 2011).

[2] The Petitioner has abandoned his argument about the doctrine of merger on appeal.

The Petitioner pled guilty to possession of .5 grams or more of cocaine with the intent to sell and within 1,000 feet of a school. Possession of .5 grams or more of cocaine with the intent to sell is a Class B felony. Tenn. Code Ann. § 39-17-417(c)(1). Because the sale was made within 1,000 feet of a school, the Petitioner's offense "shall be punished one (1) classification higher than is provided in § 39-17-417(b)-(i) for such violation." Tenn. Code Ann. § 39-17-432(b). Accordingly, the Petitioner was subject to being sentenced for a Class A felony. Moreover, because the Petitioner was convicted under the Drug-Free School Zone Act, he was required to serve at least the minimum sentence for the appropriate range, and the release-eligibility provisions could not apply prior to service of the entire minimum sentence. Tenn. Code Ann. § 39-17-432(c), (d).

First, we will briefly dispose of the Petitioner's argument, relying on our supreme court's holding in State v. Fields, that his sentence was improperly enhanced under the Drug-Free School Zone Act. See 40 S.W.3d 435. In Fields, our supreme court held that "the testimony by the State's witness as to the close proximity of the drug sale to a school, standing alone, is insufficient evidence to overcome the presumption of alternative sentencing." Id. at 442. The defendant in Fields was neither indicted for nor convicted of violating the Drug-Free School Zone Act, and the pertinent issue concerned the denial of alternative sentencing. See id. at 440. The Petitioner's reliance on Fields is unpersuasive.

Additionally, although the Petitioner does not frame the issue as such, we agree with the State that any challenge to whether the Petitioner actually committed the offense within 1,000 feet of a school amounts to a sufficiency challenge to the conviction. Sufficiency challenges are not cognizable in a habeas corpus proceeding. See Gant v. State, 507 S.W.2d 133, 136 (Tenn. Crim. App. 1973), cert. denied, (Tenn. Feb. 4, 1974). Moreover, the Petitioner waived any sufficiency claim when he pled guilty. See Beaty v. Neil, 467 S.W.2d 844, 847 (Tenn. Crim. App. 1971), cert. denied, (Tenn. May 3, 1971).

At this point, normally we would affirm the summary dismissal of the petition for writ of habeas corpus because the Petitioner has failed to provide this court within sufficient documentation to support his claims. Our supreme court has held that "[t]he petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition." Summers, 212 S.W.3d at 261. "In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions." Id. When a petitioner fails to attach to his petition sufficient documentation supporting his claim of sentence illegality, the habeas corpus court may summarily dismiss the petition. Id. Any argument that the Petitioner was not aware that he was being sentenced for a Class A felony or that the release-eligibility provisions could not apply prior to service of the entire minimum sentence, would require reference to the indictment and the guilty plea hearing transcript. The

Petitioner has not provided those.

However, the Petitioner's Range I sentence for a Class A felony is illegal on the face of the judgment. The authorized term of imprisonment for a Class A felony is not less than 15 years nor more than 60 years. Tenn. Code Ann. § 40-35-111(b)(1). The Range I sentence for a Class A felony is not less than 15 nor more than 25 years. Tenn. Code Ann. § 40-35-112(a)(1). A sentence of eight years for his Class A felony conviction is clearly not permitted by law.

Our determination that the Petitioner's sentence is illegal and void does not, however, end our inquiry. "[T]he trial court must appoint counsel and hold a hearing to determine the scope of the remedy available to the petitioner." Summers v. Fortner, 267 S.W.3d 1, 6 (Tenn. Crim. App. 2008). Because the habeas corpus court afforded no hearing or counsel to the Petitioner, we must remand. See Arthur Ray Turner v. David Mills, Warden, No. E2009-00194-CCA-R3-HC, 2010 WL 1949143, at *3 (Tenn. Crim. App. May 13, 2010). In Summers, this court provided a procedural guideline for the habeas corpus court on remand:

> At such a hearing, the issue would be whether the illegal sentence was a material element of a plea agreement with the State, and the proof would be limited to the face of the record of the underlying proceedings. If the record establishes that the illegal sentence was not a bargained-for element of the plea agreement, then . . . the sentence is void, but the conviction remains intact, and the only remedy is correction of the sentence. If the record establishes that the illegal sentence was a material part of a package deal, then the petitioner is entitled to withdraw his plea if he cannot reach an agreement with the State. See McConnell v. State, 12 S.W.3d 795, 800 (Tenn. 2000) (holding that withdrawal of the guilty plea is unnecessary when the parties agree to replace an illegal sentence with a legal one).

267 S.W.3d at 6-7.

We must remand to the habeas corpus court for a determination of whether the eight-year sentence for a Class A felony conviction was a material bargained-for element of the Petitioner's plea agreement.

We feel constrained to note that the judgment form for possession of .5 grams or more or cocaine with the intent to sell and within 1,000 feet of a school zone conviction indicates the Petitioner's release eligibility as "Standard 30%" and as "School Zone" when only one box should have been checked. On the plea agreement petition, it appears that a release-

eligibility date of 30% was originally indicated and then later marked out and 100% was inserted in its place.  Because we have already determined that a remand is necessary, we feel it would also be prudent for the habeas corpus court to review the matter of whether a 30% release-eligibility date was a material bargained-for element of the Petitioner's plea agreement.

## CONCLUSION

Accordingly, the judgment of the habeas corpus court summarily dismissing the petition for writ of habeas corpus is reversed.  The case is remanded for the appointment of counsel and an evidentiary hearing to determine whether the Petitioner is entitled to withdraw his guilty plea.

_____
D. KELLY THOMAS, JR., JUDGE
