IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on briefs April 1, 2014

## MARVIN GREEN v. JERRY LESTER, WARDEN

**Circuit Court for Lauderdale County**
**No. 15308      Joseph Walker, Judge**

_____

### No. W2013-02525-CCA-R3-HC  -  Filed June 26, 2014

_____

Petitioner, Marvin Green, appeals the Lauderdale County Circuit Court's summary dismissal of his petition for habeas corpus relief in which he alleged that an insufficient indictment and an improper offense classification rendered his conviction void. Upon a review of the record in this case, we are persuaded that the trial court was correct in dismissing the petition for habeas corpus relief and that this case meets the criteria for affirmance pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Marvin Green, Pro Se, Henning, Tennessee.

Robert E. Cooper, Jr., Attorney General & Reporter; Rachel Harmon, Assistant Attorney General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

On November 15, 2006, Petitioner was indicted by a Sullivan County Grand Jury of possession of over .5 grams of cocaine for sale or delivery within 1000 feet of a school, possession of marijuana, maintaining a dwelling where controlled substances are used or sold, and possession of drug paraphernalia. On January 8, 2008, Petitioner pled guilty to all but the paraphernalia charge and received a total effective sentence of fifteen years. This

1

Court dismissed Petitioner's direct appeal in August 2008 for failure to file an appellate brief. *See Green v. State*, No. E2008-00182-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Aug. 29, 2008) (order).

Petitioner subsequently filed several overlapping petitions for habeas corpus relief in different courts. In 2011, Petitioner filed a petition for habeas corpus relief in Wayne County.[1] Then, in 2013, Petitioner filed two more habeas corpus petitions in Wayne County; the dismissal of those petitions was later affirmed on appeal by this Court. *See Marvin Green v. Avril Chapman, Warden*, No. M2013-02715-CCA-R3-HC, 2014 WL 2001031 (Tenn. Crim. App., at Nashville, May 14, 2014). In the meantime, Petitioner also filed several motions, a post-conviction petition, and a habeas corpus petition in Sullivan County, all of which were dismissed. The appeals in those cases are currently pending before the Eastern Division of this Court under consolidated case No. E2013-02425-CCA-R3-CD. This particular appeal stems from Petitioner's petition for habeas corpus relief filed in Lauderdale County, which was dismissed on October 30, 2013.

Petitioner's primary argument in this case is that the indictment for possession of .5 grams or more of cocaine for sale or delivery within 1000 feet of a school was insufficient and void on its face for failing to state every element of the charged offense and, thereby, failing to give him adequate notice. This is the same issue unsuccessfully raised by Petitioner in both the Wayne County and Sullivan County habeas corpus petitions. This Court has already ruled that the indictment was sufficient and that Petitioner was not entitled to habeas corpus relief on this ground. *Green*, 2014 WL 2001031 at *2. Therefore, Petitioner is precluded by the principle of *res judicata* from re-litigating this claim. *See, e.g., James Yates v. State*, No. W2005-01047-CCA-R3-HC, 2005 WL 2759737 at *2 (Tenn. Crim. App., at Jackson, Oct. 25, 2005).

It is unnecessary to reach the merits of any other claim raised by Petitioner because he did not follow the strict procedural requirements for habeas corpus petitions. In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever. . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. However, the procedural provisions of the habeas corpus statute are mandatory and must be followed scrupulously. *See Archer v. State*, 851 S.W.2d 157, 165 (Tenn. 1993). Under Tennessee Code Annotated section 29-21-107(b)(4), a petition for habeas corpus relief must include a statement "[t]hat it is first

---

[1]A copy of this petition was attached to the State's brief, but the record does not contain a final order in that case and it does not appear that Petitioner filed an appeal with this Court. We can only assume the petition was denied since Petitioner remains incarcerated and is challenging the same indictment.

application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure to do so." Petitioner has filed at least three prior petitions seeking relief from the same judgment, but failed to attach any copies of those petitions in his application to the Lauderdale County Circuit Court. Additionally, Petitioner misrepresented to the Lauderdale County Circuit Court, under oath, that the present petition was the first application for a writ of habeas corpus. Therefore, summary dismissal of this petition would be appropriate based solely on procedural grounds. *See Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007) (holding that a court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements").

*Conclusion*

We determine, *sua sponte*, that this case meets the criteria of Rule 20, Rules of the Court of Criminal Appeals, which provides inter alia:

> The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

> The judgment is rendered or the action is taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. . . and

> No error of law requiring a reversal of the judgment or action is apparent on the record.

*See Larry L. Preston v. State*, No. E2007-02458-CCA-R3-PC, 2008 WL 2448318 at *2 (Tenn. Crim. App., at Knoxville, June 18, 2008) ("we point out that this court's use of Rule 20 to summarily affirm a lower court's action is not limited to cases in which the State moves for such relief"). We find no error in the decision of the Lauderdale County Circuit Court to dismiss the petition for a writ of habeas corpus without a hearing and without the appointment of counsel. Accordingly, the judgment of the trial court is hereby affirmed in accordance with Rule 20.

_____
JERRY L. SMITH, JUDGE