IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 7, 2017

## ADRIAN DELK v. GRADY PERRY, WARDEN

**Appeal from the Circuit Court for Hardeman County**
**No. 2016-CR-105   Joe H. Walker III, Judge**

_____

**No. W2016-01394-CCA-R3-HC**

_____

Petitioner, Adrian Delk, appeals the dismissal of his petition for writ of habeas corpus. On appeal, Petitioner asserts that the State breached the plea agreement by choosing an incorrect range of offense dates for the judgment for solicitation to commit first degree murder; that the State's error resulted in a breach of the plea agreement because it affected Petitioner's sentencing credit; that the Department of Correction was not properly awarding post-judgment sentencing credits; that there was insufficient proof to support the conviction for solicitation; and that Petitioner's indictment for solicitation was void because it was returned prior to the completion of the crime and failed to provide notice. After a review, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Adrian Delk, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel for the appellee, State of Tennessee.

### OPINION

*Procedural History*

According to the scant record on appeal, Petitioner was indicted in 2013 by the Shelby County Grand Jury for one count of attempted second degree murder and two counts of aggravated assault. The charges stemmed from a knife-attack on the mother of Petitioner's child. *See Adrian Delk v. State*, No. W2015-01246-CCA-R3-PC, 2016 WL

4189718, at *1-2 (Tenn. Crim. App. Aug. 5, 2016), *perm. app. denied* (Tenn. Oct. 21, 2016). Three months after the original indictment, the Shelby County Grand Jury returned a second indictment charging Petitioner with solicitation to commit first degree murder based on information that Petitioner attempted to hire someone to kill the mother of his child while he was incarcerated on the original indictment. *Id.*

Petitioner pled guilty to aggravated assault and solicitation to commit first degree murder in exchange for sentences of four years and eight years, respectively. The sentences were ordered to be served consecutively, for a total effective sentence of twelve years as a Range I, standard offender. The remaining counts of the indictments were nolle prossed.

After entering the guilty plea, Petitioner sought post-conviction relief and error coram nobis relief. *Id.* This Court affirmed the denial of relief but noted that Petitioner argued on appeal that his guilty plea was unknowing and involuntary because the judgment for solicitation to commit first degree murder listed erroneous code sections 39-12-202 and 39-13-210. *Id.* This Court determined that the typographical errors did not render the pleas involuntary or unknowing but ordered the matter remanded to the trial court for the entry of a corrected judgment to reflect the proper code sections of 39-12-102 and 39-13-202. *Id.*

Petitioner filed the petition for writ of habeas corpus at issue in this appeal during the pendency of his post-conviction appeal. The circumlocutory petition raises multiple challenges to his judgments, including but not limited to the following: (1) a complaint that the plea agreement was breached by the State because the State chose an erroneous range of offense dates for Petitioner's judgment for solicitation to commit first degree murder; (2) a complaint that the State's error in determining the offense dates resulted in improper sentencing credits at the Tennessee Department of Correction ("TDOC"); (3) a complaint that TDOC was improperly awarding post-judgment sentencing credits; (4) a challenge to the sufficiency of the evidence on the solicitation charge; and (5) a challenge to the validity of the indictment for solicitation because it was returned prior to completion of the crime and failed to provide sufficient notice. The trial court summarily dismissed the petition without a hearing. Petitioner filed a timely notice of appeal.

*Analysis*

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (citing *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to petition for habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. Art. I, § 15; *see* T.C.A. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992) (citing *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968)). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." *Taylor*, 995 S.W.2d at 83 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998); *Archer*, 851 S.W.2d at 161-64). However, as the Tennessee Supreme Court stated in *Hickman v. State*:

> [A] voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee Court cannot issue the writ of habeas corpus under such circumstances.

153 S.W.3d 16, 24 (Tenn. 2004) (internal citations, quotations, and emphasis omitted); *see Summers*, 212 S.W.3d at 256. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the petitioner is entitled to immediate release. *State v. Warren*, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing *Ussery v. Avery*, 432 S.W.2d 656, 658 (Tenn. 1968)).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers*, 212 S.W.3d at 260; *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. In order to show that the judgments are void, they must be attached to the petition. *Id.* at 261 ("When such documents from the record of the underlying proceedings are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel and without a hearing."). If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the

petition for writ of habeas corpus may be summarily dismissed. *See Hickman*, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment or the record of the proceedings upon which the judgment is rendered to indicate that the convictions are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." *Summers*, 212 S.W.3d at 261.

Initially, we point out, as argued by the State, that Petitioner in this case failed to provide adequate documentation to support his allegations. Specifically, the technical record does not contain Petitioner's indictments. Rather, the record merely contains the cover pages for the indictments. The cover page indicates that the indictment for solicitation was returned on November 14, 2013. As noted at the plea hearing, the State alleged that Petitioner solicited the murder of the victim between January 31, 2013 and October 1, 2013, contrary to Petitioner's allegation that the indictment alleged the commission of the crime after the issuance of the indictment. "[S]ummary dismissal [of a petition for writ of habeas corpus] may be proper when . . . the petitioner fails to attach to the habeas corpus petition pertinent documents from the record of the underlying proceedings to support his factual claim." *Summers*, 212 S.W.3d at 254. Because the indictment itself does not appear in the technical record, the trial court properly dismissed the petition for writ of habeas corpus.

As to his remaining issues, they are not cognizable in a habeas corpus petition. Petitioner asserts that the State breached the plea agreement. This Court has previously held that such a claim is not cognizable in a petition for writ of habeas corpus. *See Antonio M. Miller v. Joe Easterling, Warden*, No. W2009-02175-CCA-R3-HC, 2010 WL 2787686, at *2 (Tenn. Crim. App. July 15, 2010), *no perm. app. filed*. Likewise, Petitioner's complaint with regard to the calculation of pretrial jail credits is not properly resolved in a petition for habeas relief. *See State v. Brown*, 479 S.W.3d 200, 209 (Tenn. 2015). Even if this issue were proper in a habeas proceeding, the record is incomplete as the record does not contain the corrected judgment about which he complains. Finally, Petitioner's challenge to the sufficiency of the evidence is not properly reviewed via a habeas corpus petition. *Gant v. State*, 507 S.W.2d 133, 136 (Tenn. Crim. App. 1973). In any event, Petitioner waived any issue with regard to sufficiency when he entered a guilty plea. *See Beaty v. Neil*, 467 S.W.2d 844, 847 (Tenn. Crim. App. 1971). Petitioner has failed to assert a claim entitling him to habeas corpus relief. We conclude that the habeas corpus court's summary dismissal of the petition was proper.

## CONCLUSION

Upon review, we affirm the habeas corpus court's order dismissing the habeas corpus petition.

_____
THOMAS T. WOODALL, PRESIDING JUDGE