IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 18, 2025

## STATE OF TENNESSEE v. DALE MERRITT

**Appeal from the Criminal Court for Knox County**
**No. 104491   Steven Wayne Sword, Judge**

———————————————————

### No. E2024-00717-CCA-R3-CD

———————————————————

Petitioner, Dale Merritt, appeals the denial of his motion to correct an illegal sentence, filed pursuant to Tennessee Rule of Criminal Procedure 36.1.  Following our review of the entire record and the briefs of the parties, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

JILL BARTEE AYERS, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Dale Merritt, Only, Tennessee, pro se.

Jonathan Skrmetti, Attorney General and Reporter; Garrett D. Ward, Senior Assistant Attorney General; Charme P. Allen, District Attorney General; and Ta Kisha Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Factual and Procedural Background

This case arose from Petitioner's involvement in heroin transactions observed by two undercover police officers.  *See State v. Merritt*, No. E2017-01200-CCA-R3-CD, 2018 WL 1673763, at *1-3 (Tenn. Crim. App. Apr. 6, 2018).  In August 2015, Petitioner was convicted by a Knox County jury of one count of delivery of less than fifteen grams of heroin, a Schedule I controlled substance, within 1,000 feet of a park and one count of delivery of less than fifteen grams of heroin within 1,000 feet of a child care agency.  The trial court merged the convictions and sentenced Petitioner to seventeen years' imprisonment.  His convictions were affirmed on direct appeal.  *Id.* at *4-5. Petitioner later challenged his convictions in an unsuccessful post-conviction petition.  *Merritt v.*

*State*, No. E2021-01095-CCA-R3-PC, 2022 WL 4589124 (Tenn. Crim. App. Sept. 30, 2022), *perm. app. denied* (Tenn. Jan. 11, 2023).

On March 26, 2024, Petitioner filed a motion to correct an illegal sentence under Rule 36.1 of the Tennessee Rules of Criminal Procedure ("Rule 36.1 motion") alleging that his seventeen-year sentence is illegal because the convicted offense does not exist in Tennessee. The trial court denied the motion without a hearing, and Petitioner filed a timely appeal.

## Analysis

As an initial matter, we must consider Petitioner's March 5, 2025 motion to take judicial notice of "the record in this case, as annexed to his brief, as well as the record filed sub judice." Because there are no attachments to Petitioner's opening or reply brief for this court to consider, the motion as to any records annexed to his brief is moot. However, this court may take judicial notice of records from the prior proceedings in the same case and will do so in this case. *State v. Lawson*, 291 S.W.3d 864, 869 (Tenn. 2009).

As for his Rule 36.1 motion, Petitioner contends that "the trial court committed a fatal error when affixing punishment contrary to the legislative intent of statute." More specifically, Petitioner claims that his sentence is illegal because "[t]he phrase 'less than fifteen (15) grams of a Schedule I Controlled Substance' isn't used in [Tennessee Code Annotated] Section 39-14-417." The State argues that the trial court properly denied Petitioner's Rule 36.1 motion because the relevant statutes provided for Petitioner's sentence. We agree with the State.

Tennessee Rule of Criminal Procedure 36.1 permits a Petitioner to seek correction of an unexpired illegal sentence at any time by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. Tenn. R. Crim. P. 36.1(a)(1); *see State v. Brown*, 479 S.W.3d 200, 209 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). Our supreme court has interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive with, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015).

There are three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act provides a right of direct appeal), and fatal errors (those errors "so profound as to render the sentence illegal and void"). *Id.* at 595. Only sentences with a fatal error

present a colorable claim under Rule 36.1. A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id.* A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2). Whether a "[Rule 36.1] motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Wooden*, 478 S.W.3d at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

Here, the judgments reflect that Petitioner was charged with and convicted of two counts of delivering a Schedule I controlled substance, heroin, and that each violation occurred within a drug free zone. Tennessee Code Annotated section 39-17-417(a)(2) provides that it is an offense for a defendant to knowingly deliver a controlled substance. Heroin is among the substances classified as a Schedule I controlled substance. T.C.A. § 39-17-406(c)(11). The delivery of a Schedule I controlled substance is a Class B felony and subject to a fine no more than $100,000. *Id.* § 39-17-417(b). However, if the amount of heroin sold, delivered, or manufactured under section 39-17-417 is fifteen grams or more, the fine may be increased to the maximum amount of $200,000. *Id.* § 39-17-417(i)(1).

Petitioner's judgments reflect that Petitioner was a Range II offender. The range of punishment for a Range II offender convicted of a Class B felony is twelve to twenty years. *Id.* § 40-35-112(b)(2). Petitioner received a total effective sentence of seventeen years, well within the range of punishment for his offender classification and the felony classification. He was also fined $25,000, far below the maximum figure allowed for a heroin conviction weighing less than fifteen grams. *Id.* § 39-17-417(b).

The delivery of heroin is a recognized offense under Tennessee law. The amount of heroin Petitioner was convicted of delivering clearly applies to the applicable fine upon conviction. Because Petitioner was convicted of less than fifteen grams of heroin, the enhanced fine penalty was not applicable in his conviction. The fact that the statute under which Petitioner was convicted does not designate a particular weight does not make Petitioner's conviction illegal. Petitioner's conviction, sentence and fine are in accordance with the pertinent statutes. The trial court properly denied his Rule 36.1 motion.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court is affirmed.

s/ *Jill Bartee Ayers*

JILL BARTEE AYERS, JUDGE