# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 10, 2007

## TONY ALAN WINSETT v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Obion County**
**No. C06-114      William B. Acree, Jr., Judge**

---

**No. W2007-00149-CCA-R3-PC  - Filed October 3, 2007**

---

The Appellant, Tony Alan Winsett, appeals the Obion County Circuit Court's summary dismissal of his "Motion for Delayed Appeal" following the Circuit Court's March 28, 2006 dismissal of his *pro se* petition for post-conviction relief, which alleged only that his sentence was illegal. On January 9, 2007, Winsett, proceeding *pro se*, filed a "Motion for Delayed Appeal" seeking to appeal the March 2006 dismissal of the petition. In his motion, Winsett also asserted new grounds for relief, including ineffective assistance of counsel and a motion to suppress issue. After review, we conclude that this court is without jurisdiction to entertain the appeal. *See* Tenn. R. App. P. 3(b). Accordingly, the appeal is dismissed.

### Tenn. R. App. P. 3; Appeal Dismissed

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Tony Alan Winsett, *Pro Se*, Henning, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Thomas A. Thomas, District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Procedural History

On April 29, 2005, the Appellant, pursuant to the terms of a negotiated plea agreement, entered a best-interest guilty plea to the crime of tampering with evidence, a Class C felony, and received an agreed six-year sentence as a Range II offender. On March 24, 2006, the Appellant timely filed a *pro se* petition for post-conviction relief alleging that his guilty plea was not knowing and voluntary because, "the Trial Court was out of Jurisdiction to make the upward departure of Range II." Thus, he argued that his sentence was "illegal" and a "nullity." On March 28, 2006, the post-conviction court, citing *Bland v. Dukes*, 97 S.W.3d 113 (Tenn. Crim. App. 2002), summarily dismissed the Appellant's petition for failure to state a colorable claim because offender

classification and release eligibility were non-jurisdictional in nature and legitimate bargaining tools in plea negotiations. No appeal of the post-conviction court's ruling was taken at the time. However, on January 9, 2007, well outside the thirty-day time frame for appeal, the Appellant filed a "Motion for Delayed Appeal" seeking to appeal the post-conviction court's dismissal of his petition. Included within his motion were the added claims that he was entitled to post-conviction relief because trial counsel failed to perfect an appeal of a reserved certified question of law and that the evidence used to obtain his conviction was suppressed by a federal district court. The trial court denied the Appellant's "Motion for Delayed Appeal," and this appeal followed.

**Analysis**

On appeal, the Appellant specifically raises the following two issues for our review:

[1] "Whether the trial court "erred" and or applied the wrong analysis in its order denying the [A]ppellant's Motion for Delayed Appeal["];[and]

[2] "Whether the trial court "Acted illegal", arbitrarily, capriciously, or "exceeded its jurisdiction, in accepting the [A]ppellant's "Best interest plea", without complying with the "Mandates" of Tenn. R. Crim. P., 37(A) (B) (C) (D) & (iv)(c)[."]"[1]

The jurisdiction and authority of this court to hear an appeal as of right is governed by the provisions of Tenn. R. App. P. 3. As relevant to criminal actions, Rule 3(b) expressly provides that a defendant has the right to appeal from a judgment of conviction entered by the trial court: (1) on a plea of not guilty; (2) on a guilty plea, reserving the right to appeal a certified question of law; (3) review of a sentence without a plea agreement or a sentencing issue not otherwise agreed upon; (4) from an order denying or revoking probation; or (5) from a final judgment in a criminal attempt, habeas corpus, extradition, or post-conviction proceeding.

We are unaware of any authority or rule of appellate procedure which permits a "delayed appeal" from the denial of post-conviction relief.[2] Clearly, such a motion is not recognized by Tenn. R. App. P. 3(b) as a matter for which an appeal as of right is available. Because the Appellant's

---

[1] For the first time on appeal, the Appellant raises the additional issue of "Whether the trial court acted outside the mandates of T.C.A. § 40-30-106 . . . [by not] affording the petitioner the opportunity to file an amended petition that complies with this section within fifteen (15) [days?"]. The record reveals that this issue, along with the Appellant's claims of the ineffective assistance of counsel and his suppression issue, are barred by the one-year statute of limitation, Tennessee Code Annotated section 40-30-102(b) (2006), in addition to violating the one petition rule of Tennessee Code Annotated section § 40-30-102(c) (2006).

[2] It is apparent from a reading of the Appellant's *pro se* brief that he confuses the delayed appeal provisions of the Post-Conviction Procedure Act, Tennessee Code Annotated section 40-30-113, with the waiver of notice of appeal provisions of Tenn. R. App. P. 4(a). We emphasize that the delayed appeal provisions of the Post-Conviction Procedure Act, which the Appellant relies upon at times, permit a delayed appeal only from the "original conviction," and not, as argued by the Appellant, from the denial of post-conviction relief. *See* T.C.A. § 40-30-113(a) (2006).

-2-

"Motion for Delayed Appeal" is not included under any of the circumstances provided by the rule, this court is without jurisdiction to hear the appeal.

Moreover, even if this court were to broadly construe the Appellant's "Motion for Delayed Appeal" as a motion to waive the late filed notice of appeal from the denial of post-conviction relief as provided by Tenn. R. App. P. 4(a),[3] we must also conclude that waiver is not required "in the interest of justice." *Id*. "In determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *State v. Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO (Tenn. Crim. App. at Nashville, Dec. 27, 2005).

Based upon a review of the record, we cannot conclude that "the interest of justice" requires waiver of the timely notice of appeal requirement. The Appellant presents no reasoning in his brief, or anywhere in the record, as to why he waited nine months to appeal the post-conviction court's ruling. Moreover, as noted by the State, the issue presented by the Appellant in his initial post-conviction petition, that his guilty plea was not knowingly and voluntarily entered, did not present a colorable claim for post-conviction relief. As noted by the trial court, offender classification and sentencing ranges are legitimate bargaining tools in the plea bargaining process. *Summers v. State*, 212 S.W.3d 251 (Tenn. 2007). Thus, even if the Appellant's claims were substantiated, he would not be entitled to relief.

Because we conclude that this court lacks jurisdiction to hear this appeal, as required by Rule 3, or, in the alternative, that the "interest of justice" requirement of Rule 4(a) is not sufficiently demonstrated to permit waiver of the untimely filing of the notice of appeal document, we are precluded from considering the merits of the issues presented on appeal.

## CONCLUSION

The Appellant's appeal is dismissed.

_____
DAVID G. HAYES, JUDGE

---

[3] To perfect an appeal as of right, a notice of appeal from the March 2006 denial of post-conviction relief was required to be filed with the clerk of the trial court within thirty days after the date of entry of the judgment from which relief was sought. Tenn. R. App. P. 4(a). The timely filing of a notice of appeal document is not, however, a prerequisite to the jurisdiction of this court. *Id*. Any grant of relief from the late filing of a notice of appeal, however, must be obtained from this court, because after thirty days, the judgment becomes final at the trial level, and, thereafter, the trial court lacks jurisdiction to grant relief for late filing purposes.