IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 13, 2009

## DENNIS WAYNE MERRIWEATHER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hickman County**
**No. 08-5045C     Robbie Beal, Judge**

_____

**No.  M2008-01848-CCA-R3-HC - Filed June 11, 2009**

_____

Appellant, Dennis Wayne Merriweather, filed a petition for the writ of habeas corpus in which he alleged that his fifteen year sentence for selling controlled substances within 1,000 feet of a school renders the judgment imposed as a result of his guilty plea void because the judgment provides the sentence is to be served at 100%.  Because we find the judgment is not void, we hold the habeas court properly dismissed the habeas corpus petition.  Accordingly, the judgment of the lower court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Dennis Wayne Merriweather, Pro Se, Only, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; and Ron Davis, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 9, 1999, Appellant pled guilty to selling more than twenty-six grams of cocaine within 1,000 feet of a school, a violation of Tennessee Code Annotated section 39-17-417(i)(5) with punishment subject to enhancement pursuant to Tennessee Code Annotated section 39-17-432.  He was sentenced to fifteen years in the Tennessee Department of Correction.  Sale of cocaine within 1,000 feet of a school zone is a Class A felony and the term of imprisonment prescribed by statute is fifteen to sixty years.  T.C.A. § 40-35-111(b)(1).  Therefore, Appellant received the minimum

sentence prescribed for the offense he committed. The judgment indicates that the term of imprisonment is to be served at 100% incarceration.

Tennessee Code Annotated section 39-17-432, the Drug Free School Act, provides in pertinent part:

> (c) Notwithstanding any other provision of law or the sentence imposed by the court to the contrary, a defendant sentenced for a violation of subsection (b) shall be required to serve at least the minimum sentence for the defendant's appropriate range of sentence. Any sentence reduction credits the defendant may be eligible for or earn shall not operate to permit or allow the release of the defendant prior to full service of the minimum sentence.
> (d) Notwithstanding the sentence imposed by the court, the provisions of title 40, chapter 35, part 5, relative to release eligibility status and parole, shall not apply to or authorize the release of a defendant sentenced for a violation of subsection (b) prior to service of the entire minimum sentence for the defendant's appropriate range of sentence.
> (e) Nothing in the provisions of title 38, chapter 1, part 4 shall give either the governor or the board of probation and parole the authority to release or cause the release of a defendant sentenced for a violation of subsection (b) prior to service of the entire minimum sentence for the defendant's appropriate range of sentence.

Despite Appellant's contention that the sentence he received to be served in its entirety is void because it is not authorized by Tennessee Code Annotated section 40-35-101, the Tennessee Criminal Sentencing Reform Act of 1989, the above quoted statute, mandates a 100% service of Appellant's sentence.

Appellant's reliance on this Court's decision in *Terrance Lavar Davis v. State*, No. M2009-00011-CCA-RM-HC, 2009 WL 96177 (Tenn. Crim. App., at Nashville, Apr. 8, 2009) is misplaced. Unlike Appellant herein, in *Terrance Lavar Davis* the Appellant had agreed to a sentence above the minimum in the range for possessing more than twenty-six grams of cocaine in a school zone and agreed the sentence would be served at 100%. He subsequently filed a petition for habeas corpus relief claiming that his sentence was illegal because the Drug Free School Zone statute does not authorize a 100% sentence other than for the minimum sentence for the offense. This Court agreed and found that the sentence to which the Appellant agreed does not exist anywhere in any of our sentencing laws and was therefore void. *Terrance Lavar Davis*, 2009 WL 96177, at *4. In the instant case, however, Appellant received the minimum sentence and agreed to the 100% service which is required by law.

In summary, Appellant agreed to service of the minimum sentence for his offense at 100%. The Drug Free School Zone statute requires service at 100%. There is absolutely nothing illegal about Appellant's sentence. If a petition for habeas corpus relief fails on its face to state a cognizable

claim for the writ a trial court may summarily dismiss the petition. *See* T.C.A. § 29-21-109; *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007). The instant petition falls into this category.

## CONCLUSION

For the foregoing reasons the judgment of the lower court is affirmed.

_____
JERRY L. SMITH, JUDGE