IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 11, 2015

## STATE OF TENNESSEE v. PHILLIP W. KELLEY

**Appeal from the Circuit Court for Maury County**
**No. 1371     Robert L. Jones, Judge**

---

**No. M2014-01230-CCA-R3-CD – Filed June 2, 2015**

---

The Petitioner, Phillip Wayne Kelley, appeals the denial of his motion to vacate his convictions by the Circuit Court for Maury County. On appeal, the Petitioner argues that the trial court erred in denying his motion to vacate his convictions because the trial court did not have jurisdiction to convict and sentence him. Upon our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROGER A. PAGE, JJ., joined.

Phillip W. Kelly, Wartburg, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Mike Bottoms, District Attorney General; and Brent Cooper, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On June 23, 1982, the Petitioner and his brother, William Carroll Kelley, shot and killed Gary Estis; his wife, Diane Estis; and Gary Estis's mother, Hazel Estis, while the Estis family was camping on the Duck River in Maury County, Tennessee. Gary Estis's father, J.T. Estis, was also shot but survived. A short time after the shooting, the Petitioner gave a statement incriminating himself and his brother in the shooting. On July 7, 1982, the Petitioner was indicted for three counts of first degree murder and one count of assault with intent to commit first degree murder. The trial court subsequently granted a change of venue for the Petitioner to be tried in Giles County Criminal Court, and on October 9, 1982, the Petitioner was convicted on all counts as charged in the indictment. The Petitioner was sentenced to three life sentences for the first degree

murder convictions and twenty-five years for the assault with intent to commit first degree murder, each to be served consecutively to the other.

Over thirty years later, on March 24, 2014, the Petitioner filed a pro se motion for correction of an illegal sentence in Maury County Circuit Court. In his motion, the Petitioner argued that his convictions were illegal and void because the Maury County Circuit Court records fail to show a proper entry into the minutes of the court. The trial court treated the Petitioner's motion as a motion to vacate his convictions and denied relief on the grounds that there was no factual basis to support the motion. The court found that the indictments were in fact returned "into open court," citing the minutes of the Maury County Circuit Court in support.

The Petitioner timely appealed to this court.

## ANALYSIS

On appeal, the Petitioner argues that his convictions should be vacated and the indictments dismissed because entry in the minutes of the Maury County Circuit Court of the underlying indictments failed to comply with Tennessee Code Annotated section 40-13-109, thereby depriving the Giles County Criminal Court of jurisdiction to convict and sentence him. The State argues that the trial court properly denied the Petitoner's motion. We agree with the State.

Whether a sentence is illegal under Tennessee Rule of Criminal Procedure 36.1 presents a mixed question of law and fact, and the standard of review is the same as that for post-conviction claims. An appellate court must give deference to the trial court's resolution of factual issues, but review of a legal issue, or a mixed question of law and fact, is reviewed de novo with no presumption of correctness. Felts v. State, 354 S.W.3d 266, 276 (Tenn. 2011); see also State v. Dusty Ross Binkley, No. M2014-00173-CCA-R3-CD, 2015 WL 2148950, at *2 (Tenn. Crim. App. May 7, 2015) ("Whether a sentence is illegal pursuant to Rule 36.1 is a question of law that we review de novo with no presumption of correctness.") (citing Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007 (stating that the standard of review for a habeas corpus case is de novo with no presumption of correctness)).

Pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure, "[e]ither the defendant or the state may, at any time, seek the correction of an illegal sentence[.]" Tenn. R. Crim. P. 36.1(a). "For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Id. A petitioner is only entitled to a hearing and appointment of counsel "[i]f the motion states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b); see

Marcus Deangelo Lee v. State, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App. Mar. 7, 2014)).  This court has stated that a colorable claim "'is a claim . . . that, if taken as true, in the light most favorable to the [petitioner], would entitle [the petitioner] to relief[.]'"  State v. David A. Brimmer, No. E2014-01393-CCA-R3-CD, 2014 WL 7201795, at *2 (Tenn. Crim. App. Dec. 18, 2014) (citing and quoting State v. Mark Edward Greene, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014)).

Considering all of the Petitioner's assertions as true and viewing them in the light most favorable to him, we conclude that he has not presented a colorable claim for relief. The record clearly establishes that the indictments were properly entered in the Maury County Circuit Court minutes as required by Tennessee Code Annotated section 40-13-109.  Specifically, the statute requires that all felony indictments "returned into court by the grand jury with the endorsement a 'true bill' shall be entered by the clerk with the return in full on the minutes of the court."  As noted by the trial court, page 267 of State Minute Book 43 contains the report of the Maury County Grand Jury, which states that the indictments were returned "into open court" at the May 1982 term.  The Petitioner's indictments describe the offense charged, name the Petitioner, and include the findings of the Maury County Grand Jury.  Thus, the Petitioner has failed to establish that his judgments and sentences were in direct contravention of a statute and, therefore, has failed to state a colorable claim for relief under Rule 36.1.  Accordingly, the trial court's denial of the Petitioner's motion was proper.  He is not entitled to relief.

## CONCLUSION

Based on the foregoing authority and analysis, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE