IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 24, 2020, at Knoxville

**COURTNEY R. LOGAN**[1] **v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Lake County**
**No. 19-CR-10625   R. Lee Moore, Jr., Judge**

_____

**No. W2019-01215-CCA-R3-HC**
_____

The Petitioner appeals the summary denial of his third petition for writ of habeas corpus, in which he challenged his extradition to Mississippi. Following our review, we affirm the judgment of the habeas corpus court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Court of Criminal Appeals Rule 20**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT L. HOLLOWAY, JR., JJ., joined.

Courtney R. Logan, pro se, Tiptonville Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; T. Austin Watkins, Assistant Attorney General; and Danny Goodman, Jr., District Attorney General for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

The Petitioner was convicted of attempted first degree murder and employment of a firearm during the flight or escape from the attempt to commit a dangerous felony, and this court affirmed his convictions. *State v. Cortney R. Logan*, No. M2014-01687-CCA-R3-CD, 2015 WL 5883187, at *17 (Tenn. Crim. App. Oct. 8, 2015). He committed the offenses in Tennessee after escaping aiding his co-defendant's escape from a Mississippi prison. *Id.* at *6. The Petitioner was extradited to Mississippi by executive order after he

_____

[1] The Petitioner's name has various spellings in his numerous filings. We will utilize the spelling of the Petitioner's name in the judgment forms.

was sentenced. *Courtney R. Logan v. State*, No. M2015-00725-CCA-R3-HC, 2016 WL 716818, at *1 (Tenn. Crim. App. Feb. 23, 2016). The Petitioner was convicted of five counts of kidnapping, one count of aiding an escape, and one count of being a felon in possession of a firearm and received seven consecutive life sentences without the possibility of parole. *Logan v. State*, 192 So.3d 1012, 1017 (Miss. App. Ct. 2015) (en banc).

On March 2, 2015, after having been convicted of numerous offenses in Mississippi, the Petitioner filed his first petition writ of habeas corpus, challenging his extradition from Tennessee to Mississippi. *Id.* This court affirmed the trial court's summary dismissal of the petition, concluding that the Petitioner's appeal was moot because "[a]t the time of the filing, the [P]etitioner was no longer in the custody of the State of Tennessee, and there was no available relief for the trial court to provide to the [P]etitioner, even if it was shown that his extradition was improper." *Courtney Logan*, 2016 WL 716818, at *3 (citing *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. 1994)). On March 9, 2015, the Petitioner filed his second petition for writ of habeas corpus. *Courtney R. Logan v. Shawn Phillips, Warden*, No. E2016-01535-CCA-R3-HC, 2017 WL 2304305, at *1 (Tenn. Crim. App. May 26, 2017). Importantly, the Petitioner filed his petitions for writ of habeas corpus relief "long after he was extradited to Mississippi and tried and convicted of the crimes for which he was extradited." *Id.* This court noted that the second petition was "nearly identical" to his prior habeas corpus petition. *Id.* This court affirmed the habeas corpus court's dismissal of this petition, stating that "once a person has been returned to the demanding state, any challenge to his extradition in this state's courts will be considered moot." *Id.* (citations omitted).

On May 13, 2019, the Petitioner, who is now imprisoned in Tennessee, filed his current petition for writ of habeas corpus relief. The Petitioner again challenged his extradition to Mississippi arguing that he was deprived of his right of counsel for the purpose of petitioning for habeas corpus relief. Additionally, the Petitioner maintained that the Governor's warrant was invalid and that he was never arrested pursuant to this warrant. The habeas corpus court denied the Petitioner relief finding that the Petitioner did not allege that the Tennessee judgments were void. Additionally, the habeas corpus court found that the Petitioner's only complaint was that the Tennessee trial court should not have allowed his extradition to Mississippi.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. However, the grounds for the writ are very narrow. *Archer v. State*, 851 S.W.2d 157, 162 (Tenn.1993). Habeas corpus relief is appropriate "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has

expired." *Id.* at 164 (citation omitted). This court reviews the dismissal of a habeas corpus petition de novo with no presumption of correctness given to the conclusions of the habeas corpus court. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn.2007).

A person who is to be extradited to another state may apply for a writ of habeas corpus prior to the extradition. T.C.A. § 40-9-110. However, once a person has been returned to the demanding state, any challenge to his extradition in this state's courts will be considered moot. *Courtney Logan*, 2017 WL 2304305, at *1 (citing *Percy Cooksey v. State*, No. 02C01-9507-CR-00186, 1996 WL 39361, at *1-2 (Tenn. Crim. App. Jan. 31, 1996)); *see also Barton v. Norrod*, 106 F.3d 1289, 1298 (6th Cir. 1997) (stating that "[o]nce the fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue")). We note that the petition is nearly identical to those that the Petitioner has previously filed challenging his extradition to Mississippi. The Petitioner filed the petition long after he was extradited to Mississippi and tried and convicted of the charges in Mississippi. Therefore, the Petitioner's challenge is moot, and the habeas corpus court did not err in dismissing the petition.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. We, therefore, affirm the judgment of the habeas corpus court in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE

- 3 -