IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 28, 2024

## STATE OF TENNESSEE v. ALFONSO THOMAS PECK

**Appeal from the Criminal Court for Hamilton County**
No. 241695   Amanda B. Dunn, Judge

_____

### No. E2023-01123-CCA-R3-CD

_____

Pro se Petitioner, Alfonso Thomas Peck,[1] was convicted by a Hamilton County jury of two counts of aggravated rape, for which he received concurrent sentences of life imprisonment without the possibility of parole. He filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, which the trial court summarily denied in part and granted in part. On appeal, the Petitioner challenges the partial summary denial, arguing that his sentences are illegal because the judgment documents fail to specify the sentence length in years. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Alfonso Thomas Peck, Wartburg, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Caroline Weldon, Assistant Attorney General; Coty Wamp, District Attorney General; and Tom Landis, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On September 14, 2002, the Petitioner approached the victim, knocked her to the ground, penetrated her digitally, and raped her vaginally and anally. The jury convicted him of two counts of aggravated rape, and the trial court sentenced him as a repeat violent offender to concurrent sentences of life imprisonment without the possibility of parole.

---

[1] The Petitioner's name is spelled "Alfonzo" and "Alfonso" throughout the record. We will refer to him as Alfonso Thomas Peck, consistent with the case caption.

This court affirmed his convictions and sentences on direct appeal.  See State v. Peck, No. E2005-00342-CCA-R3-CD, 2006 WL 223688, at \*1 (Tenn. Crim. App. Jan. 30, 2006), perm. app. denied (Tenn. June 26, 2006).  The Petitioner filed a petition for post-conviction relief, which the trial court denied.  This court affirmed the denial.  See Peck v. State, No. E2009-00779-CCA-R3-PC, 2010 WL 550878, at \*1 (Tenn. Crim. App. Feb. 17, 2010), perm. app. denied (Tenn. June 17, 2010).

On July 10, 2023, the Petitioner filed a motion to correct an illegal sentence.  See Tenn. R. Crim. P. 36.1.  He alleged that his sentences: (1) did not specify the length in years, in direct contravention of Tennessee Code Annotated section 40-35-209(e)(1)(A); and (2) did not include community supervision for life, in direct contravention of Tennessee Code Annotated section 39-13-524.  The trial court summarily denied the motion on the first ground for failure to state a colorable claim, finding that the statute referenced "merely requires district attorneys general to complete and file uniform judgment documents" and "neither authorizes nor prohibits sentences of life imprisonment without the possibility of parole."  The court, without conducting a hearing, granted the motion on the second ground and ordered that the judgments be amended to include community supervision for life.  This appeal followed.

## ANALYSIS

The Petitioner argues that ground one of his Rule 36.1 motion states a colorable claim that his sentences contravene Tennessee Code Annotated section 40-35-209(e)(1)(A) because the judgments "do not reflect a sentence authorized to be served" in the Tennessee Department of Correction.  He contends, for the first time on appeal, that though life imprisonment without the possibility of parole is statutorily authorized, it is not a determinate or specific sentence under Tennessee Code Annotated sections 40-35-111(a) and 40-35-211(1).  The State responds, and we agree, that the claim is not colorable because: (1) Tennessee Code Annotated section 40-35-209(e)(1)(A) only requires that a prosecutor complete and file uniform judgment documents; and (2) the Petitioner has waived any claims that the sentence is illegal under Tennessee Code Annotated sections 40-35-111(a) and 40-35-211(1) by not raising them in the trial court.

Pursuant to Tennessee Rule of Criminal Procedure 36.1, a defendant may file a motion to correct an illegal sentence at any time before the sentence expires.  Tenn. R. Crim. P. 36.1(a)(1).  "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute."  Tenn. R. Crim. P. 36.1(a)(2).  "If the court determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion."  Tenn. R. Crim. P. 36.1(b)(2).  A colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1."  State v. Wooden, 478 S.W.3d

585, 593 (Tenn. 2015). Whether a motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, which this court reviews de novo. Id. at 589 (citing Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007)).

Even taking the Petitioner's allegations as true and viewing them in the light most favorable to him, he has failed to state a colorable claim that his sentences are illegal. The Petitioner relies on Tennessee Code Annotated section 40-35-209(e)(1)(A), which provides that:

> (e)(1) After the defendant is sentenced, the district attorney general shall complete and file within thirty (30) days the uniform judgment document for the conviction that is signed by all parties; but if not signed by the parties, the clerk shall make a copy of the document available to the parties before entry by the court, which shall indicate for each offense the following:
>
> (A) The type of offense for which the defendant was charged and convicted and the sentence imposed[.]

This subsection, as the trial court correctly noted, merely directs district attorneys general to complete and file uniform judgment documents. Such documents were completed and filed in this case and indicate the sentence imposed—life imprisonment without the possibility of parole. Though the Petitioner contends that the sentence must be specified in years, "the trial court is not required to specify a term of years in sentencing a defendant to life imprisonment." Blake v. State, No. W2015-01423-CCA-R3-PC, 2016 WL 4060696, at *11 (Tenn. Crim. App. July 27, 2016), perm. app. denied (Tenn. Nov. 22, 2016); see also Tenn. Code Ann. § 40-35-211(1) ("Specific sentences for a felony shall be for a term of years or months or *life*[.]") (emphasis added).

To the extent the Petitioner has raised new issues under Tennessee Code Annotated sections 40-35-111(a) and 40-35-211(1), he has waived these issues by failing to raise them in the trial court. The Petitioner's initial motion makes no mention of either statutory provision. Because he raises the issues for the first time on appeal, the issues are waived. See Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."); see also State v. McDougle, No. W2022-01103-CCA-R3-CD, 2023 WL 2968224, at *2 (Tenn. Crim. App. Apr. 17, 2023), perm. app. denied (Tenn. June 28, 2023) (holding that the defendant waived appellate review of an issue by failing to include it in his Rule 36.1 motion).

**CONCLUSION**

- 3 -

Because the Petitioner has failed to state a colorable claim that his sentences are illegal, we affirm the trial court's judgment.

_____
CAMILLE R. MCMULLEN, PRESIDING JUDGE