IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 16, 2016

**STATE OF TENNESSEE v. JERMAINE CARPENTER**

**Appeal from the Criminal Court for Sullivan County**
**Nos. S47,268; S51,080     James F. Goodwin, Jr., Judge**

_____

**No. E2016-00450-CCA-R3-CD – Filed September 28, 2016**

_____

The defendant, Jermaine Carpenter, appeals the summary dismissal of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he believes to be an illegal sentence imposed for his 2004 Sullivan County Criminal Court jury convictions. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Jermaine Carpenter, Whiteville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Robert W. Wilson, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Sullivan County Grand Jury charged the defendant in case number S47,268 with one count of possession with intent to sell or deliver more than .5 grams of cocaine within 1,000 feet of Dobyns-Bennett High School, possession with intent to sell or deliver a Schedule III Controlled Substance, driving while his license was suspended, and driving a motor vehicle without operational brake lights. A Sullivan County Criminal Court jury convicted the defendant of the lesser-included offense of possession with intent to sell cocaine but convicted him as charged of the other offenses. The defendant pleaded guilty to other drug-related offenses in Sullivan County case numbers S48,245; S48,536; S47,952; and S47,953. Following a sentencing hearing, the trial court imposed "a total effective sentence of 17 years to be served in community corrections in case numbers S47,268; S48,245; and S48,536 followed by four years of probation in case numbers S47,952 and S47,953." *State v. Jermaine Rashad Carpenter*, No. E2006-00775-

CCA-R3-CD, slip op. at 1-2 (Tenn. Crim. App., Knoxville, Feb. 27, 2007); *see also id.*, slip op. at 2 (detailed chart of defendant's convictions and sentences). Within a year, violation warrants issued alleging that the defendant violated his community corrections placement by committing new criminal offenses. *See id.*, slip op. at 3. The trial court revoked the community corrections placement and ordered that the defendant serve the 21-year sentence in confinement, with credit for time served. *See id.*

In case number S51,080, a Sullivan County Criminal Court jury convicted the defendant of two counts of the sale of more than .5 grams of cocaine in a school zone, two counts of the delivery of more than .5 grams of cocaine in a school zone, and simple possession of cocaine. The trial court merged the two convictions of the delivery of cocaine into the two convictions of the sale of cocaine and imposed concurrent sentences of 25 years for the resulting convictions. The trial court ordered the defendant to serve the 25-year sentence imposed in case number S51,080 consecutively to the effective 21-year sentence imposed in case numbers S47,268; S47,952; S47,953; S48,245; and S48,536. This court affirmed the convictions and sentences on direct appeal. *See State v. Jermaine Rashad Carpenter*, No. E2007-02498-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App., Knoxville, Feb. 11, 2009).

On August 10, 2015, the defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1 to challenge the sentence imposed in case numbers S47,268; S47,952; and S47,953. In his motion, the defendant claimed entitlement to Rule 36.1 relief on grounds that the concurrent alignment of the 1.5-year sentence imposed in case number S47,953 with the 4-year sentence imposed in case number S47,952 was illegal because he was on bail for the charge in case number S47,952 when he committed the offense in case number S47,953. He also claimed that the consecutive alignment of the two sentences imposed in case number S47,268 was illegal because the offenses were part of the same criminal episode. Finally, the defendant claimed that the total sentence imposed in case number S47,268 was illegal because the trial court imposed a sentence above the mandatory minimum in violation of the ruling in *Blakely v. Washington*, 542 U.S. 296 (2004).

On August 18, 2015, the trial court summarily dismissed the motion, finding that "[a]fter reviewing the presentments, the capias, and the bond . . . the defendant was not on bail for either of the offenses in S47,952 and S47,953 at the time he committed the other offense" but that, instead, he "was on bail for the offense contained in case S47,268 at the time he committed the offenses in S47,952 and S47,953." Because the judgments reflect consecutive alignment of the total effective sentence imposed in case numbers S47,952 and S47,953 with the total effective sentence imposed in case number S47,268, the sentences did not contravene any statute. The court also concluded

that the defendant's claim regarding the application of *Blakely v. Washington* was not a cognizable ground for Rule 36.1 relief.

On August 24, 2015, the defendant filed another Rule 36.1 motion, this time challenging the sentence imposed in case number S51,080 on grounds that the 100 percent release eligibility percentage reflected in the judgments in that case contravened the provisions of Code section 40-35-501. He also claimed entitlement to Rule 36.1 relief on grounds that the trial court misapplied the enhancement factors and that his 25-year sentence was disproportionate to his crime.

On January 16, 2016, the defendant filed an amended Rule 36.1 motion, this time incorporating both case numbers S51,080 and S47,268. In his amended motion, he claimed that the 25-year sentence imposed in case number S51,080 was illegal and unconstitutional because the 100 percent release eligibility percentage contravened the Sentencing Act; because the sentence was constitutionally disproportionate to the crime; because he had been "entrapped"; and because the sentencing hearing occurred five months after his convictions. He claimed that the 12-year effective sentence imposed in case number S47,268 was illegal because possession with intent to sell cocaine in a drug-free school zone "is not an actual charge" and because the trial court imposed greater than the minimum sentence in violation of *Blakely v. Washington*.

On January 27, 2016, the trial court summarily dismissed the August 24, 2015 motion and the January 8, 2016 amended motion, finding that the sentences imposed in case numbers S47,268 and S51,080 were specifically authorized by statute and that the defendant had failed to state a cognizable ground for relief under Rule 36.1. The defendant filed a timely notice of appeal on February 26, 2016, indicating an appeal from the summary dismissal orders filed on January 27, 2016.

In this appeal, the defendant claims that "fatal errors" relative to the power of the grand jury to charge him with a violation of Code section 39-17-432 and to a variance between the indictments and the proof render his sentences in case numbers S47,268 and S51,080 "illegal and void." He also claims that Code section 39-17-432, regarding release eligibility percentage for drug-free school zone offenses, "is unconstitutional and was illegally applied" in case number S51,080. The State asserts that summary dismissal was appropriate.

Rule 36.1 provides the defendant and the State an avenue to "seek the correction of an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the

definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

The sentences imposed in both challenged cases were authorized by the Code at the time of the defendant's convictions. Challenges to the constitutionality and interpretation of sentencing statutes are not cognizable claims for relief under Rule 36.1. Similarly, challenges to the power of the grand jury and claims of variance between the indictment and proof are not cognizable grounds for Rule 36.1 relief. As we have previously stated, "Rule 36.1 is not a panacea. To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must 'state[ ] a colorable claim that the sentence is illegal.'" *State v. Torrie D. Carter*, No. W2014-02081-CCA-R3-CD, slip op. at 3-4 (Tenn. Crim. App., Nashville, June 1, 2015) (quoting Tenn. R. Crim. P. 36.1(b)); *see also, e.g.*, *State v. Tom Moore*, No. W2015-00838-CCA-R3-CD (Tenn. Crim. App., Jackson, Dec. 16, 2015); *Robert Winters v. State*, No. E2015-00268-CCA-R3-CD (Tenn. Crim. App., Knoxville, Sept. 29, 2015), *perm. app. denied* (Tenn. Jan. 14, 2016).

Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE