IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 7, 2017

**STATE OF TENNESSEE v. RICKIE REED**

**Appeal from the Criminal Court for Shelby County**
**No. 00-04751, 00-04753    James C. Beasley, Jr., Judge**

_____

**No. W2016-02119-CCA-R3-CD**

_____

The pro se appellant, Rickie Reed, appeals as of right from the Shelby County Criminal Court's summary denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. The defendant contends his motion stated a colorable claim for relief, so the trial court erred in summarily denying it. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and CAMILLE R. MCMULLEN, J., joined.

Rickie Reed, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Karen Cok, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

In 2001, a Shelby County Criminal Court jury convicted the defendant of one count of second degree murder, one count of attempted second degree murder, and one count of reckless aggravated assault. The reckless aggravated assault and attempted second degree murder convictions were merged. Following a sentencing hearing, the

trial court ordered consecutive, Range I sentences of twenty-three years for the second degree murder conviction and twelve years for the attempted second degree murder conviction.

On July 15, 2016, the defendant filed a motion to correct an illegal sentence alleging: (1) his sentences violated the Fourteenth Amendment to the United States Constitution because he was sentenced as a standard offender rather than a mitigated offender; (2) he had no prior convictions, so he should have been sentenced as an especially mitigated offender; (3) alternatively, he should have received the maximum Range I sentence of eight years for attempted second degree murder; (4) alternatively, he should have received a sentence of fifteen years for second degree murder; (5) the trial court enhanced his sentences in violation of Tennessee Code Annotated section 40-35-202(b)(1); and (6) his sentences should have run concurrently instead of consecutively. The trial court denied the motion, finding the defendant failed to state a colorable claim. This timely appeal followed.

On appeal, the defendant raises the same arguments asserted before the trial court. The State argues the defendant's claims do not entitle him to relief under Tennessee Rule of Criminal Procedure 36.1. Upon review of the record and the briefs, we agree with the State.

*Analysis*

Whether a motion states a colorable claim for correction of an illegal sentence under Tennessee Rule of Criminal Procedure 36.1 is a question of law so de novo review applies. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). Rule 36.1 provides that the defendant "may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). A sentence is illegal if it is not authorized by the applicable statutes or directly contravenes an applicable statute. *Id.* If the motion states a colorable claim, the trial court shall appoint counsel if the defendant is indigent and not already represented by counsel and hold a hearing on the motion, unless the parties waive the hearing. Tenn. R. Crim. P. 36.1(b). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

"[F]ew sentencing errors render [a sentence] illegal." *Id.* at 595. Examples of illegal sentences include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required

to be served consecutively, and sentences not authorized by any statute for the offense." *Id.* However, "attacks on the correctness of the methodology by which a trial court imposed [a] sentence" do not rise to the level of an illegal sentence. *Id.*

## I.     *Blakely* violation

When challenging the constitutionality of his sentences and the propriety of the sentences imposed in the absence of prior convictions, the defendant relies on *Blakely v. Washington*, 542 U.S. 296 (2004). The State correctly contends *Blakely* violations do not rise to the level of an illegal sentence for Rule 36.1 purposes. *See State v. Joseph B. Thompson*, No. E2015-01963-CCA-R3-CD, 2016 WL 2770178, at *1 (Tenn. Crim. App. May 10, 2016). Moreover, errors implicating constitutional rights render judgments voidable, not void, and are not colorable claims pursuant to Rule 36.1. *State v. Sammie Lee Taylor*, No. W2015-01831-CCA-R3-CD, 2016 WL 3883566, at *4 (Tenn. Crim. App. June 6, 2016). To the extent the defendant argues his sentences are unconstitutional or otherwise illegal because the trial court enhanced them in excess of the statutory minimum in the absence of prior convictions, the defendant has not raised a colorable claim under Rule 36.1 and is not entitled to relief.

## II.    Sentencing Range

The defendant further argues the trial court erred when summarily dismissing his motion to correct an illegal sentence because he was sentenced as a Range I, standard offender instead of a mitigated or especially mitigated offender. In the alternative, the defendant argues the trial court imposed a sentence outside the applicable sentencing ranges for a Range I, standard offender. We disagree.

A defendant without a prior criminal history is sentenced as a Range I, standard offender. Tenn. Code Ann. § 40-35-105. The trial court *may* find a defendant is an especially mitigated offender if it finds the defendant does not have any prior felony convictions and there are mitigating, but no enhancement, factors. Tenn. Code Ann. § 40-35-109(a). Here, the record is void of information regarding the defendant's criminal history, the presence of mitigating factors, or the presence of enhancement factors. Even if the defendant qualified for especially mitigated offender status, proof of this status requires extrinsic evidence, rendering his judgments of conviction potentially voidable but not void. *See Eric L. Anderson v. Howard Carlton, Warden*, No. E2008-00096-CCA-R3-HC, 2008 WL 4367532, at *4 (Tenn. Crim. App. Sept. 24, 2008) (affirming the trial court's dismissal of a habeas corpus petition where "even if [the defendant's] allegation that he was qualified for especially mitigated offender status were true, proof of such status would require extrinsic evidence rendering his judgments of conviction potentially voidable rather than void").

Moreover, the defendant's sentences were within-range and legally imposed. Second degree murder is a Class A felony. Tenn. Code Ann. § 39-13-210(b). The applicable sentencing range for a Range I, standard offender convicted of a Class A felony is "not less than fifteen nor more than twenty-five years." Tenn. Code Ann. § 40-35-112(a)(1). Attempted second degree murder is a Class B felony. Tenn. Code Ann. § 39-12-107(a). The applicable sentencing range for a Range I, standard offender convicted of a Class B felony is "not less than eight nor more than twelve years." Tenn. Code Ann. § 40-35-112(a)(2). The defendant received an appropriate within-range sentence of twenty-three years for his second degree murder conviction and an appropriate within-range sentence of twelve years for his attempted second degree murder conviction. The defendant's sentences were authorized by the applicable statutes, so they do not meet the threshold definition of an illegal sentence. *See State v. Derron Guy*, No. W2015-00536-CCA-R3-CD, 2015 WL 7354308, at *2 (Tenn. Crim. App. Nov. 20, 2015) (holding that "[a]lthough appellant did not enjoy the benefit of especially mitigated offender status with regard to his guilty plea to attempted carjacking, for which he received three years as a standard offender, that sentence was nonetheless within-range and authorized by statute"). The defendant is not entitled to relief on this issue.

### III.    Consecutive Sentences

Lastly, the defendant argues the trial court erred in summarily dismissing his Rule 36.1 motion because the trial court improperly imposed consecutive sentences based only on its finding that he was a dangerous offender. The record before this Court does not include the reason for the imposition of consecutive sentences. However, even considering the defendant's assertion as true and viewing it in the light most favorable to him, he does not present a colorable claim for relief. This Court previously stated, "we interpret the definition of 'illegal sentence' found in Tenn. R. Crim. P. 36.1(a) to mean a sentence that by mandatory statutory provision(s) *always* contravenes a statute, or a sentence that by mandatory statutory provisions is *never* authorized." *State v. Michael Christopher Bigbee*, No. M2014-01999-CCA-R3-CD, 2015 WL 5969524, at * 3 (Tenn. Crim. App. Oct. 14, 2015). Tennessee Code Annotated section 40-35-115 allows the imposition of consecutive sentences when "[t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high." Tenn. Code Ann. § 40-35-115(b)(4). The imposition of consecutive sentences based on the trial court's finding the defendant was a dangerous offender was authorized by law. Accordingly, the defendant has not asserted a colorable claim with respect to the imposition of consecutive sentences and is not entitled to relief on this issue.

- 4 -

### *Conclusion*

Based on the foregoing, we affirm the judgment of the trial court.

_____
J. ROSS DYER, JUDGE