IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 7, 2017

**STATE OF TENNESSEE v. TORRY HOLLAND**

**Appeal from the Criminal Court for Shelby County**
**No. 12-00532, 13-00791    Lee V. Coffee, Judge**

———

**No. W2017-00691-CCA-R3-CD**

———

The defendant, Torry Holland, appeals the summary dismissal of his petition, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he believes to be an illegal sentence imposed for his convictions of drug and firearms possession. Discerning no error, we affirm the trial court's order of summary dismissal. Although we affirm the order dismissing the defendant's motion, we do notice a clerical error in the judgment form for count 3 in case number 12-00532 that requires entry of a corrected judgment in that count.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed; Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Torry Holland, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Aland Dwyer, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In case number 12-00532, the Shelby County Grand Jury charged the defendant via an 11-count indictment with alternative counts of possession with intent to sell or deliver 26 grams or more of cocaine, alternative counts of possession with intent to sell or deliver methylenedioxymethamphetamine, alternative counts of possession with intent to sell or deliver oxycodone, alternative counts of possession with intent to sell or deliver dihydrocodeinone, alternative counts of possession with intent to sell or deliver alprazolam, and one count of possession with intent to sell one-half ounce or more of marijuana. In case number 13-00791, the Shelby County Grand jury charged the

defendant via a 13-count indictment with alternative counts of possession with intent to sell or deliver .5 grams or more of cocaine, alternative counts of possession with intent to sell or deliver methylenedioxymethamphetamine, alternative counts of possession with intent to sell or deliver dihydrocodeinone, possession of a firearm with the intent to go armed during the commission of a dangerous offense after having been previously convicted of possession of a controlled substance, possession of a firearm by a convicted felon, possession of a handgun after having been previously convicted of driving following designation as a Motor Vehicle Habitual Offender, alternative counts of the possession with intent to sell or deliver marijuana, and alternative counts of possession with intent to sell or deliver promethazine/codeine. In March 2014, the defendant entered into a plea agreement with the State that provided for the following disposition:

Case No. 12-00532

| Count | Charged Offense | Conviction Offense |
| --- | --- | --- |
| 1 | possession with intent to sell 26 grams or more of cocaine | possession with intent to sell less than .5 grams cocaine |
| 2 | possession with intent to deliver 26 grams or more of cocaine | dismissed |
| 3 | possession with intent to sell methylenedioxymethamphetamine | criminal attempt to possess with intent to sell methylenedioxymethamphetamine |
| 4 | possession with intent to deliver methylenedioxymethamphetamine | dismissed |
| 5 | possession with intent to sell oxycodone | same |
| 6 | possession with intent to deliver oxycodone | dismissed |
| 7 | possession with intent to sell dihydrocodeinone | same |
| 8 | possession with intent to deliver dihydrocodeinone | dismissed |
| 9 | possession with intent to sell alprazolam | same |
| 10 | possession with intent to deliver alprazolam | dismissed |
| 11 | possession with intent to sell one-half ounce or more of marijuana | possession with intent to sell marijuana |

Case No. 13-00791

| Count | Charged Offense | Conviction Offense |
| --- | --- | --- |
| 1 | possession with intent to sell .5 grams or more of cocaine | same |

| | | |
|---|---|---|
| 2 | possession with intent to deliver .5 grams or more of cocaine | dismissed |
| 3 | possession with intent to sell methylenedioxymethamphetamine | same |
| 4 | possession with intent to deliver methylenedioxymethamphetamine | dismissed |
| 5 | possession with intent to sell dihydrocodeinone | dismissed |
| 6 | possession with intent to deliver dihydrocodeinone | dismissed |
| 7 | possession of a firearm with the intent to go armed during a dangerous felony having been previously convicted of a drug offense | possession of a firearm |
| 8 | possession of a firearm by a convicted felon | dismissed |
| 9 | possession of a handgun having previously been declared a motor vehicle habitual offender | dismissed |
| 10 | possession with intent to sell one-half ounce or more of marijuana | dismissed |
| 11 | possession with intent to deliver one-half ounce or more of marijuana | dismissed |
| 12 | possession with intent to sell promethazine/codeine | dismissed |
| 13 | possession with intent to deliver promethazine/codeine | dismissed |

The agreement provided for a total effective sentence in case number 12-00532 of five years' incarceration with a 30 percent release eligibility percentage. In case number 13-00791, the agreement provided for a total effective sentence of 11 years' incarceration, with the three years of the sentence attributable to the defendant's firearm conviction to be served at 100 percent and the remaining eight years to be served at 30 percent. Because the agreement also provided that the effective sentences in case number 12-00532 and case number 13-00791 are to be served consecutively, the total effective sentence is 16 years with three years to be served at 100 percent and 13 years to be served at 30 percent.

In December 2016, the defendant moved the court to correct what he believed to be an illegal sentence imposed pursuant to his plea agreement. The defendant claimed that the trial court had ordered that he serve 100 percent of his entire 16-year total effective sentence in violation of his plea agreement and in direct contravention of the applicable law. The defendant also claimed that the trial court had imposed concurrent sentences where consecutive sentence alignment was required by law. The trial court summarily dismissed the motion, finding that the defendant had "grossly and intentionally" misstated the terms of Code section 39-17-1324 relative to the possession of a firearm during the commission of a dangerous felony as well as "grossly misinterpreting the judgments that were entered on these convictions." The court pointed out that a corrected judgment had been entered in August 2014 to clearly effectuate the agreed sentence of 16 years, three years of which was to be served at 100 percent.

In this appeal, the defendant asserts that the trial court erred by summarily dismissing his motion. He also adds that the trial court erred by entering a corrected judgment form without holding a hearing. The State contends that summary dismissal was appropriate.

Rule 36.1 provides the defendant and the State an avenue to "seek the correction of an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

Simply put, the record does not support either of the claims made by the defendant. The judgment forms filed on March 6, 2014, effectuated the agreed sentence of 16 years with 3 years to be served at 100 percent and 13 years to be served at 30 percent. Although the handwritten notation in the Special Conditions portion of the judgment form for the firearm offense could be more legible, it does read, "Effective Sentence 16 years TDOC, 3 @ 100%." The corrected judgment form filed on August 18, 2014, does not alter terms of the agreed sentence but contains a typewritten instead of

-4-

handwritten note in the Special Conditions portion of the judgment form that reads, "Effective Sentence 16 Years Tdoc. 3 years At 100%." The trial court acted well within its authority to file the corrected judgment under the terms of Rule 36. *See* Tenn. R. Crim. P. 36 ("After giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission.").

Although the trial court did not directly address the defendant's claim regarding sentence alignment, we find that it similarly lacks merit. It appears that the defendant claims that he was on bond for the offenses contained in case number 12-00532 when he committed the offenses at issue in case number 13-00791. He is correct that the law mandates consecutive alignment of offenses committed while released on bail. *See* T.C.A. § 40-20-111(b); Tenn. R. Crim. P. 32(c)(3)(C). That is exactly what happened in this case. Pursuant to the plea agreement, the 11-year effective sentence imposed in case number 13-00791 is to be served consecutively to the 5-year effective sentence imposed in case number 12-00532. As indicated, the judgment forms effectuate the terms of the plea agreement.

Although we discern no merit to the defendant's claims of an illegal sentence, we do discern a clerical error in the judgment form for count 3 of case number 12-00532. The defendant was charged in that count with the possession with intent to sell methylenedioxymethamphetamine. Methlyenedioxymethamphetamine, also commonly known as MDMA or Ecstacy, is a Schedule I controlled substance, *see* T.C.A. § 39-17-406(d)(24), and the possession with intent to sell methylenedioxymethamphetamine is prohibited by Code section 39-17-417, *see id.* § 39-17-417(a)(4). The punishment for a violation of Code section 39-17-417 with relation to methylenedioxymehtamphetamine is a Class B felony. Methamphetamine, "meth" in the common parlance, is a Schedule II controlled substance, *see id.* § 39-17-408(d)(2), and at the time of the defendant's guilty plea, the possession with intent to sell methamphetamine was also governed by Code section 39-17-417, but the punishment for a violation of that section with respect to methamphetamine was a Class C felony unless the amount alleged was .5 grams or more.[1] Despite that possession with intent to sell methylenedioxymethamphetamine and possession with intent to sell methamphetamine are distinct and entirely unrelated offenses, a handwritten notation on the judgment form for count 3 indicates that the defendant was charged with possession with intent to sell "meth" and convicted of the criminal attempt to possess with intent to sell "meth." The terms of the plea agreement as well as the judgment form provide for a sentence

---

[1] Offenses related to the manufacture, sale, or delivery or the possession with intent to sell or deliver methamphetamine are now located in Code section 39-17-434. *See* T.C.A. § 39-17-434(c) ("If the violation is for methamphetamine, the defendant shall be charged, indicted, prosecuted and convicted under this section rather than §§ 39-17-417 or 39-17-418.").

commensurate with a conviction of the criminal attempt to possess with intent to sell methylenedioxymethamphetamine. Consequently, the handwritten notation on the judgment form indicating that the defendant was charged with and convicted of an offense related to "meth" appears to be a clerical error. Nevertheless, it must be corrected.

Accordingly, we affirm the dismissal of the defendant's motion but remand the case to the trial court for the entry of a corrected judgment form in count 3 of case number 12-00532.

_____
JAMES CURWOOD WITT, JR., JUDGE