IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 18, 2018

**MICHAEL WHITE v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Marshall County**
**No. 15-CR-135     Lee Russell, Judge**

_____

**No. M2017-02039-CCA-R3-CD**
_____

The defendant, Michael White, appeals the denial of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he believes to be an illegal sentence imposed for his 2005 Marshall County Circuit Court jury convictions of rape. Discerning no error, we affirm the denial of relief.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT H. MONTGOMERY, JR., J., joined.

Michael White, Hartsville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Robert James Carter, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

A Marshall County Circuit Court jury convicted the defendant of multiple counts of rape and imposed a total effective sentence of 55 years' incarceration. This court affirmed the convictions and accompanying sentences on direct appeal. *See State v. Michael White*, No. M2005-01659-CCA-R3-CD (Tenn. Crim. App., Nashville, July 13, 2006), *perm. app. denied* (Tenn. Nov. 20, 2006). The defendant later made an unsuccessful bid for post-conviction relief. *See Michael White v. State*, M2007-02157-CCA-R3-PC (Tenn. Crim. App., Nashville, Sept. 8, 2008) (affirming denial of post-conviction relief).

On September 16, 2015, the defendant moved the trial court pursuant to Rule 36.1 to correct his allegedly illegal sentence. In his motion, the defendant argued

that his sentence was illegal because the trial court "gave too much weight" to certain of the Code section 40-35-114 enhancement factors, that application of the enhancement factors was "illegal based on the fact that they were not found or charged to the jury for sentencing," that the sentence was greater than that justly deserved for the conviction offenses in direct contravention of Code sections 40-35-102 and -103, and that the trial court failed to appropriately consider the lack of any residual physical or mental impact to the victim when imposing consecutive sentences in direct contravention of Code section 40-35-115. In its response to the defendant's motion, the State asserted that the defendant's claims, even if true, would not entitle him to relief under Rule 36.1. On January 8, 2016, the trial court issued an order overruling the defendant's motion "for the reasons stated in open court." The defendant filed a notice of appeal of the trial court's order, but this court later dismissed the appeal for want of prosecution after the defendant failed to file an appellate brief. *See State v. Michael White*, No. M2016-00319-CCA-R3-CD (Jan. 11, 2017 Order).

On April 17, 2017, the defendant again moved the trial court pursuant to Rule 36.1 to correct his allegedly illegal sentence. In his motion, the defendant reiterated the claims raised in his September 2015 motion and added a claim that the indictment was defective. In addition to relief under Rule 36.1, the petitioner claimed an entitlement to relief via the writ of habeas corpus. The trial court summarily dismissed the motion on September 5, 2017. The trial court found that because the issues raised in the motion were essentially identical to those raised by the defendant on direct appeal and in his first Rule 36.1 motion, the defendant was "absolutely preclude[d]" from "raising . . . those very same issues a third time." The court added that even if those claims

> could be raised again, the result would still be the same: the correct enhancing factors were considered and applied, the correct range was established, the correct factors were found and applied to overcome the presumption in favor of concurrent sentencing, the total effective sentence was consistent with the purposes of the Sentencing Reform Act, and none of these factors required specific findings by the jury.

In this timely appeal, the defendant asserts that the trial court erred by summarily dismissing his motion. The State contends that the trial court did not err because the defendant's claims have been previously determined and, in the alternative, that none of the claims are cognizable in a Rule 36.1 proceeding. We agree with the State.

Rule 36.1 provides the defendant and the State an avenue to "seek the correction of an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

As indicated, the defendant challenges his sentences based upon the alleged misapplication of the Code section 40-35-114 enhancement factors, the alleged misapplication of the factors supporting the imposition of consecutive sentences, and that, as a general matter, the sentences were greater than those justly deserved for the convictions in violation of Code sections 40-35-102 and -103. None of these claims, even if true, would entitle the defendant to relief via Rule 36.1. Summary dismissal of the defendant's motion was appropriate on this basis alone. Additionally, however, the trial court correctly determined that each of the defendant's claims regarding his sentence had been previously determined. On direct appeal, this court examined the application of the enhancement and mitigating factors, concluded "that there were ample grounds for the court to enhance the [d]efendant's sentence," and "affirm[ed] the [d]efendant's sentence of eleven years on each count of rape." As to the the imposition of consecutive sentencing in the defendant's case, we affirmed the trial court's application of Code section 40-35-115(b)(5) and agreed "that the aggregate maximum of consecutive terms in this case was reasonably related to the severity of the offenses involved." Finally, as the trial court indicated in its order summarily dismissing the Rule 36.1 motion, the record more than adequately supports the sentencing decision in this case.[1]

Accordingly, we affirm the judgment of the trial court.

---

[1] To the extent that the defendant continues to claim entitlement to habeas corpus relief, we observe that, for the reasons already explained above, he has failed to state a cognizable claim for habeas corpus relief.

-3-

_____

JAMES CURWOOD WITT, JR., JUDGE