IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 16, 2019

**STATE OF TENNESSEE v. CAMERON NEIL BROWN**

**Appeal from the Criminal Court for Sumner County**
**Nos. 742-2007, 847-2007, 415-2008, 417-2008, 418-2008, 19-2011, 499-2008**
**Dee David Gay, Judge**

_____

**No. M2018-00943-CCA-R3-CD**

_____

The petitioner, Cameron Neil Brown, appeals the denial of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he believes to be an illegal sentence. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Cameron Neil Brown, Whiteville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Ray Whitley, District Attorney General; and Eric Mauldin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This court summarized the procedural history of the cases under attack in our opinion affirming the denial of the petitioner's 2015 petition for writ of error coram nobis:

> On May 22, 2008, the petitioner pleaded guilty in case number 742-2007 to one count of theft of property valued at $1,000 or more but less than $10,000 in exchange for a sentence of four years to be served on probation. On that same day, he pleaded guilty in case number 847-2007 to three counts of theft of property valued at $1,000 or more but less than $10,000 and one count of forgery of an instrument equal

to $1,000 or more but less than $10,000 in exchange for a four-year effective sentence to be served as nine months' incarceration followed by probation. The four-year sentence imposed in case number 847-2007 was to be served consecutively to the four-year sentence imposed in case number 742-2007. The total effective sentence imposed in the May 22, 2008 proceeding was, therefore, eight years' probation, with nine months to serve.

On September 18, 2008, the petitioner pleaded guilty in case number 415-2008 to one count of failure to appear in exchange for a probationary sentence of 11 months and 29 days, to be served "concurrently with all other cases." On that same date, the petitioner pleaded guilty in case number 417-2008 to one count of passing a worthless check valued at more than $500 in exchange for a one-year sentence of probation to be served consecutively to the sentences imposed in case numbers 742-2007 and 847-2007. Also on that same date, the petitioner pleaded guilty in case number 418-2008 to one count of failure to appear in exchange for a probationary sentence of 11 months and 29 days to be served "concurrently with all other cases." The September 18, 2008 proceeding, therefore, yielded a total effective sentence of one year of probation to be served consecutively to the previously-imposed eight-year probationary term.

On March 31, 2011, the petitioner pleaded guilty in case number 19-2011 to one count of escape in exchange for a four-year sentence to be served consecutively to the sentences imposed in case numbers 742-2007, 847-2007, 415-2008, 417-2008, and 418-2008. The court also ordered the petitioner to serve the escape conviction "in Drug Court" and noted in the judgment for that conviction that the sentence would be "suspended to time served as of date [the petitioner] enters substance abuse treatment."

*Cameron Brown v. State*, No. M2015-01434-CCA-R3-ECN, slip op. at 2 (Tenn. Crim. App., Nashville, Sept. 30, 2016). Although the coram nobis court concluded that the petition for writ of error coram nobis was time barred, "the coram nobis court elected to vacate the petitioner's conviction of forgery and the accompanying four-year sentence, noting, however, that its ruling did not affect the effective 13-year sentence." *Id.*, slip op.

at 8. This court determined that the coram nobis court had abused its discretion by granting relief "despite the petitioner's failure to present even an iota of evidence to support his claims," reversed the partial grant of coram nobis relief, and remanded the case "for the reinstatement of the petitioner's forgery conviction and its accompanying four-year sentence in count three of case number 847-2007." *Id.*

On November 20, 2017, the petitioner moved the trial court pursuant to Tennessee Rule of Criminal Procedure 36.1 to correct what he believed to be an illegal sentence imposed in his compendium of cases. In his rambling and sometimes incoherent motion, the petitioner referred to the rules governing joinder, the preparation of a presentence report, principles attendant to sentence alignment, and the application of enhancement and mitigating factors all while asking the court to consider the hypothetical cases of hypothetical petitioners. Ultimately, he claimed that a nine-year effective sentence should not have been imposed for his "2008 plea set" given the facts and circumstances underlying those charges. He also claimed that "multiple indictment problems exist" and that he "was found innocent of forgery by Judge Gay."

Ten days later, the petitioner moved the trial court for relief pursuant to Tennessee Rule of Criminal Procedure 36(b), arguing that because he "was found to be innocent of the forgery conviction from 2008" he was similarly "clear[ed] . . . of a subsequent theft conviction." He also claimed that he "was prejudged by a fatally flawed indictment" and that his "sentence contravenes every statute it touches upon."

On December 21, 2017, the trial court filed an order denying the petitioner's Rule 36.1 motion "for reason[s] stated in open Court." No transcript of any proceeding conducted in open court appears in the record on appeal.

On April 26, 2018, the petitioner again moved the court to correct what he believed to be an illegal sentence, arguing that the imposition of the maximum, within-range sentence for each of his convictions contravened the Sentencing Act because "no enhancement factors were present." The petitioner also reiterated his claim that he had been declared innocent of forgery and theft and that fatal flaws existed in the indictment. The trial court again denied relief, directing the petitioner's attention to its September 28, 2015 order finding that the petitioner "'*pled guilty* . . . to appropriate sentences in the appropriate ranges.' Nothing has changed. There is no 'colorable claim' under Rule 36.1, and this 2nd request is hereby denied."

In this timely appeal, the petitioner claims entitlement to Rule 36.1 relief on grounds that the trial court erred by failing to file a presentence report, by failing to file a notice of enhancement factors, by failing to sentence him as an especially mitigated offender, by imposing an out-of-range sentence, by acting "in contravention to 40-35-113

as well as 40-35-114," by imposing consecutive sentences, by imposing the maximum sentence for the petitioner's escape conviction, and by failing to award appropriate pretrial jail credits. He asserts that the court erred by failing to properly consider the petitioner's requests for relief via Rule 36.1. He also claims that "the prejudiced, convoluted joinder of offense and subsequent failure to follow joinder of offense render[s] fatal error." As the State correctly points out, any of these claims not presented in the trial court are waived. The only issue before this court in this appeal is the petitioner's claim that the sentences imposed for his "2008 plea set" are illegal.

Rule 36.1 provides the defendant and the State an avenue to "seek the correction of an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

As an initial matter, we note that although the petitioner repeatedly contends throughout all of his pleadings that he was "found innocent" of the forgery offense charged in count three of case number 847-2007, he is, quite simply, wrong. As indicated, after considering the petitioner's 2015 petition for writ of error coram nobis, the trial court set aside the petitioner's forgery conviction and its accompanying four-year sentence in count three of case number 847-2007. On direct appeal of that ruling, this court reversed the action of the trial court and ordered the reinstatement of the conviction and its four-year sentence.

With regard to his illegal sentence claim, we find that the petitioner has failed to state a colorable claim for relief. None of the claims presented, even if taken as true, would avail the petitioner of Rule 36.1 relief. The petitioner pleaded guilty to the charged offenses in exchange for an agreed upon, within-range sentence. He has received the benefit of that bargain and may not now be heard to complain.

Based upon the foregoing analysis, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE